**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank D. POLLARD, Defendant-Appellant.**

No. 73-2458

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1973.

John S. Bowman, (court appointed), Montgomery, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., David B. Byrne, Jr., Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The sole issue before us on this appeal is whether the indictment upon which Pollard was convicted and sentenced below was sufficient to charge an offense under Title 18, U.S.Code, Section 912. Neither of the three counts alleged that the acts charged as violative of Section 912 were done "with intent to defraud", each count of the indictment simply tracking the statute.

Section 912 is framed in the alternative with separate offenses defined in each section and separated by the disjunctive *or:*

"§ 912.  Officer or employee of the United States

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, *or* in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

Honea v. United States, 5 Cir. 1965, 344 F.2d 798, involved a conviction of

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

the second offense proscribed by Title 18, U.S.Code, Section 912. We held the indictment in *Honea* fatally defective for failure "to allege that the defendant did the acts with intent to defraud either the United States or any person". Ibid at 800. We had occasion in United States v. Randolph, 5 Cir. 1972, 460 F.2d 367, to consider the sufficiency of an indictment drawn under the first part of Section 912. We held in *Randolph* that an intent to defraud remained "an essential element of the offense defined under part [1] of § 912 * * *", and set the conviction aside for this defect in the indictment.

The three counts of the indictment involved in the instant appeal each appear to have been framed under part (2) of the statute, but since the indictment is fatally defective under either *Honea* or *Randolph* whether framed under the first part or the second part of the statute, we need not attempt to distinguish the portion of the statute involved.

By its brief on appeal the United States concedes error in this respect in the following language:

"We recognize the rule enunciated in Honea v. United States, (C.A.5, 1965), 344 F.2d 798; and United States v. Randolph, (C.A.5, 1972), 460 F.2d 367. A careful reading of these cases would indicate that the Indictment in the instant case was insufficient. The United States does not agree with the rule in these cases, but concedes that these cases hold that an Indictment charging a violation of Title 18, Section 912, United States Code, must charge that the defendants did the acts 'with intent to defraud.' Under these cases it would appear that the Indictment is fatally defective, and that the conviction thereunder must be set aside, and the Indictment dismissed."

The judgment of conviction appealed from is reversed, with directions to dismiss the indictment.

Reversed.