491 F.2d 1387
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank D. POLLARD, Defendant-Appellant.
No. 73-3779 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises
v.
Citizen Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 April 8, 1974.
 
 John S. Bowman, Montgomery, Ala. (Court-appointed), for defendant-appellant.
 Ira DeMent, U.S. Atty., D. Broward Segrest, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges:
 PER CURIAM:
 
 
 1
 Frank D. Pollard, convicted on two counts of impersonating an employee of the United States (18 U.S.C.A. 912) appeals on the ground that the second count of his indictment was insufficient to charge an offense. We find the indictment to be sufficient and affirm.
 
 
 2
 In a previous conviction for the same offense, a panel of this Court reversed Pollard's conviction and directed dismissal of the indictment on a finding of insufficiency. United States v. Pollard, 5 Cir., 1973, 486 F.2d 190. The panel reversed the conviction since there had been no allegation in the indictment that appellant acted with the intent to defraud. An allegation of fraudulent intent has been recognized by this Circuit to be an essential element of the offense defined under 912. Honea v. United States, 5 Cir., 1965, 344 F.2d 798; United States v. Randolph, 5 Cir., 1972, 460 F.2d 367.
 
 
 3
 The government avoided the same defect in Pollard's second indictment, returned after this Court's earlier dismissal. Pollard now contends that count II of his second indictment[1] failed to 'identify the person or object that the government contends Pollard defrauded.' There can be no doubt that the Government in count II charges Pollard with defrauding the First National Bank of Montgomery through its branch manager Carthel D. Morse. Pollard agrees that count III, the other count under which he was convicted, was not defective. Except for an additional insertion of the bank manager's name directly after the allegation 'with intent to defraud' the two indictments are virtually identical.
 
 
 4
 Count II of the indictment clearly and sufficiently states all the essential elements which constitute an offense under 912.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Count II reads as follows:
 COUNT II.
 On or about the 8th day of December, 1970, in the Middle District of Alabama, FRANK D. POLLARD, with intent to defraud, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, in that he falsely stated to Carthel D. Morse, Manager of the Maxwell Air Force Base Branch of the First National Bank of Montgomery, that he was an employee of the Federal Aviation Administration, and that the Federal Aviation Administration was holding meetings at Maxwell Air Force Base, and in such assumed and pretended character, FRANK D. POLLARD did obtain the sum of fifty dollars ($50.00) in currency of the United States, in violation of Title 18, Section 912, United States Code.