**UNITED STATES v. LEPOWITCH et al.**
No. 23034.

District Court, E. D. Missouri, E. D.

Oct. 26, 1942.

Harry C. Blanton, U. S. Atty., of St. Louis, Mo., for plaintiff.

Henry S. Janon, of St. Louis, Mo., for defendants.

MOORE, District Judge.

This matter comes on for determination under a joint demurrer to the indictment filed on behalf of the defendants. The grand jury has returned an indictment in which the defendants are charged with violating Section 76, 18 U.S.C.A., wherein it is alleged that the defendants falsely assumed and pretended to be agents of the Federal Bureau of Investigation. The indictment is so drawn as to be intended to reach both features of the statute—namely, count one is drawn under the phraseology of the statute covering the activities of one who falsely, in the pretended capacity, takes upon himself to act as such, while count two of the indictment covers the other feature of the statute wherein one in such false and assumed character demands from another a valuable thing.

In the first count the indictment alleges that the defendants did falsely take upon themselves to act in the capacity of agents of the Federal Bureau of Investigation by "demanding of and from the said Mrs Adele Silk that she give the defendants information of and concerning the whereabouts of one Abe Zaidman". The second count alleges that defendants in their pretended character "did demand from the said Mrs. Adele Silk a valuable thing, to-wit, demand that she, the said Mrs. Adele Silk, then and there give to them, the said defendants, valuable information of and concerning the whereabouts of one Abe Zaidman".

The demurrer is based upon one ground only—namely, that the indictment fails to state facts sufficient to charge defendants with a commission of a criminal offense against the United States of America.

The validity of Section 76, 18 U.S.C.A., is not raised by the demurrer, and accordingly there is no constitutional question involved. We are concerned here only with the one feature, that of determining whether the indictment pleads facts sufficient to constitute an offense within the terms of the statute. The language of the statute is fairly clear to the extent that intent to defraud either the United States or any person is a necessary element of the offense, coupled with falsely assuming or pretending to be an officer or employee acting under the authority of the United States or some department thereof, or a corporation owned or controlled by the United States. Present these two conditions the statute may be violated in either of two ways condemned as illegal. First, by one taking upon himself to act in the falsely pretended character, or secondly by demanding or obtaining from any person or from the United States "any money, paper, document, or other valuable thing". Hence, the demurrer here raises the issue as to whether the defendants in falsely pretending to be agents of the Federal Bureau of Investigation and demanding of Mrs. Silk that she give the defendants information concerning the whereabouts of one Abe Zaidman constitutes on the one hand taking upon themselves to act as Federal Bureau of Investigation agents, or on the other hand constitutes demanding of Mrs. Silk a "valuable thing" within the meaning of the statute.

It is my view that the action of these defendants, while highly reprehensible, does not come within the terms of the statute. The action of the defendants, in their false and pretended character of Federal Bureau of Investigation agents, in demanding that Mrs. Silk inform the defendants as to where Abe Zaidman was located or could be found, is not in my opinion taking upon themselves to act as Federal Bureau of Investigation agents, nor was the information demanded by them a "valuable thing" within the meaning of the statute. It follows that the demurrer to the indictment should be sustained.

It is so ordered.