## UNITED STATES *v.* LEPOWITCH ET AL.

No. 629. Argued April 8, 1943.—Decided April 19, 1943.

*Mr. Archibald Cox* argued the cause, and *Solicitor General Fahy, Assistant Attorney General Berge,* and *Mr. George F. Kneip* were on the brief, for the United States.

*Mr. Henry S. Janon* for appellees.

MR. JUSTICE BLACK delivered the opinion of the Court.

The defendants are charged with impersonating Federal Bureau of Investigation officers and by that means attempting to elicit information from one person concerning the whereabouts of another. They were indicted under 18 U. S. C. § 76, the first branch of which includes two elements: impersonation of an officer of the government and acting as such with intent to defraud either the United States or any person.[1] The District Judge sustained a demurrer to the indictment, holding that the conduct of the defendants, "while highly reprehensible, does not come within the terms of the statute."[2] He apparently concluded that the count of the indictment under consideration did not, within the meaning of the statute, make sufficient allegations either of impersonation or of acting with intent to defraud. Since the decision below was based on a construction of the statute, the case was properly brought here by the government under the

---

[1] "Falsely pretending to be United States officer.—Whoever with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, or under the authority of any corporation owned or controlled by the United States, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States, any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

[2] The indictment contained two counts. The second, based on the same acts of the appellees, was rested on the second branch of the statute and the information sought was said to be the "valuable thing" required by the Act. While insisting here that the second count was not subject to the demurrer, the government does not ask for review of the ruling with reference to it.

Criminal Appeals Act, 18 U. S. C. § 682, and 28 U. S. C. § 345.

Government officials are impersonated by any persons who "assume to act in the pretended character." *United States* v. *Barnow,* 239 U. S. 74, 77. The most general allegation of impersonation of a government official, therefore, sufficiently charges this element of the offense. The validity of this portion of the indictment was not contested here.

We hold that the words "intent to defraud," in the context of this statute, do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct.[3]  If the statutory language alone had been used, the indictment would have been proof against demurrer under *Lamar* v. *United States,* 241 U. S. 103, 116; *Pierce* v. *United States,* 314 U. S. 306, 307; and this indictment has merely been made more elaborate than that in the *Lamar* case by the addition of a description of the nature of the alleged fraud.  In any case, this branch of the statute covers the acquisition of information by impersonation although the information may be wholly valueless to its giver.  This result is required by *United States* v. *Barnow, supra,* 80, in which we held that the purpose of the statute was "to maintain the general good repute and dignity of the [government] service itself," and cited with approval cases which, interpreting an analogous statute, said: "it is not essential to charge or prove an actual financial or property loss to make a case under the statute." *Haas* v. *Henkel,* 216 U. S. 462, 480; *United States* v. *Plyler,* 222 U. S. 15.

The first clause of this statute, the only one under consideration here, defines one offense; the second clause de-

---

[3] For a more limited construction of similar words in a different statutory context, see *United States* v. *Cohn,* 270 U. S. 339.

fines another. While more than mere deceitful attempt to affect the course of action of another is required under the second clause of the statute, which speaks of an intent to obtain a "valuable thing," the very absence of these words of limitation in the first portion of the act persuades us that, under it, a person may be defrauded although he parts with something of no measurable value at all.

*Reversed.*

MR. JUSTICE RUTLEDGE concurs in the result.

MR. JUSTICE ROBERTS believes that the judgment should be affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.