**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael S. RANDOLPH, Defendant-Appellant.**

**No. 71–3314.**

United States Court of Appeals, Fifth Circuit.

May 23, 1972.

sonation of an officer in the United States Army in violation of part [1] of 18 U.S.C. § 912.[1] His challenge to the sufficiency of the indictment in which he was charged requires this court to complete its consideration of whether an allegation of "fraudulent intent" is required in order to charge a violation of § 912.[2] This court in Honea v. United States, 344 F.2d 798 (5th Cir. 1965) held that despite the deletion of the language upon recodification, an intent to defraud or an intent to wrongfully deprive another of property is an essential element for a prosecution under part [2] of § 912. In the present case we conclude that "fraudulent intent" as defined by the Supreme Court in United States v. Lepowitch, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943) remains an essential element of the offense defined under part [1] of § 912 and reverse Randolph's conviction.

The indictment charged that Randolph on or about August 3, 1970:

"did falsely pretend and assume to be an officer and employee of the United States acting under the authority thereof; that is, a Major in the United States Army and did falsely take upon himself to act as such, in that he falsely wrote a letter under the name of Maj. William D. Ryan, Department of the Army, Company 'A', 1st Battalion, Second Basic Training Brigade, Fort Leonard Wood, Missouri, to his son, Stephen Randolph, in the official capacity of said Maj. William D. Ryan

---

Gene H. Auvil, Miami, Fla. (Court Appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Miami, Fla., for plaintiff-appellee.

Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.

GEWIN, Circuit Judge:

Michael S. Randolph appeals from a judgment of conviction of false imper-

1. "Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both."
   Brackets ([1] and [2]) are inserted to facilitate classification and discussion of the two separate kinds of offenses under § 912.

2. Randolph additionally contends that the indictment is further defective in that it

fails to allege facts constituting an offense or overt acts in addition to the pretense alleged, and that the proof at trial was at fatal variance with the allegations of the indictment. The letter written by Randolph stated, "Your father has been reported *Missing* in action as of 21 June 1970." The indictment alleged that the letter advised "that he had been *killed* in action." (Emphasis added.) In view of our disposition of Randolph's claim that the indictment failed to allege all the essential elements of the offense charged we find it unnecessary to pass upon these other questions.

and in such letter, through the assumed capacity of said Maj. William D. Ryan, MICHAEL S. RANDOLPH falsely advised Stephen Randolph that he had been killed in action; in violation of Title 18, United States Code, Section 912."

The indictment upon which Randolph was tried did not allege any purpose for the writing and mailing of this letter to his son.[3] In its brief the government argues that under *Lepowitch* an allegation in the indictment of intent to defraud is not necessary where the charge is under part [1] for impersonating and acting as such, rather than the second and distinct offense of impersonating and obtaining something of value.

We feel that the government's reliance on *Lepowitch* is misplaced. The indictment there alleged that the defendants *with intent to defraud* pretended to be FBI agents and in that capacity requested information as to the whereabouts of a third person.[4] The Supreme Court held the indictment sufficiently alleged a crime under the first portion of the statute, which prior to the 1948 codification was 18 U.S.C. § 76.[5] The Court noted that use of the statutory language[6] alone would have been sufficient. Speaking for the Court, Mr. Justice Black emphasized the distinction between the two sections of the statute and the nature of the "fraud" required.

"We hold that the words 'intent to defraud' in the context of this statute, do not require more than the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct . . . . While more than mere deceitful attempt to affect the course of action of another is required under the second clause of the statute, which speaks of an intent to obtain a 'valuable thing,' the very absence of these words of limitation in the first portion of the act persuade us that under it, a person may be defrauded although he parts with something of no measurable value at all." 318 U.S. at 704–705, 63 S.Ct. at 916, 87 L.Ed. at 1093–1094.

In 1948, the Federal Criminal Code was revised and the language of § 76 was modified and recodified as § 912. Of prime importance here is the fact that the revisers omitted from the new statute the prefatory language *with intent to defraud either the United States or any person* as "meaningless in view of United States v. Lapowich (sic)." 18 U.S.C.A. § 912 (1966) (Historical and Revision Notes). In an effort to determine the legal consequence of the deletion of the words "intent to defraud" this court in *Honea* made a thorough review of the legislative history and the

3. In a written statement to an FBI agent Randolph stated that his purpose was "to cause my former wife to cease attempting to contact me regarding child support payments for my son."

4. *See* Briefs of Counsel, United States v. Lepowitch, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091, 1092 (1943).

5. Act of March 4, 1909, c. 321, § 32, 35 Stat. 1095, as amended, Act of February 28, 1938, c. 37, 52 Stat. 83, formerly codified as 18 U.S.C.A. § 76 (1940).
   "Whoever, *with intent to defraud either the United States or any person, shall* falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, *or any officer of the Government thereof, or under the authority of any corporation owned or con-*

*trolled by the United States,* and [1] *shall take upon himself to* act as such, or [2] *shall* in such pretended character demand or obtain *from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States,* any money, paper document, *or other valuable thing,* shall be fined not more than $1,000 or imprisoned not more than three years, or both." We have italicized the portions which were either deleted or modified in § 912, and have inserted brackets ([1] and [2]) to identify the separate offenses. See note 1, supra.

6. The court was referring to the language of the statute prior to the 1948 recodification. See note 5, supra.

reviser's notes. It was our conclusion that the most unlikely meaning to assign to the deletion is that the revisers intended to overrule *Lepowitch* by re-legislation or to modify the substance of the provision.

"The revisers' rather terse explanation suggests that their intent was— as is frequently done in codification-revision efforts of this kind—to make the statutory wording conform to authoritative judicial construction, and to carry forward, by a simplified and streamlined wording of the statute, the Lepowitch statement of what facts would make out a violation of the offense involved in that case." Honea v. United States, 344 F.2d at 802.

The reasons which lead this court in *Honea* to conclude that "intent to defraud" was still an essential element for prosecution under part [2] of § 912 impel similar conclusion as to part [1] of § 912.[7] The 1948 revision of the statute was generally, with a few exceptions, not intended to effect substantive changes in federal criminal law.[8] The revisers indicated that in § 912 they were responding to *Lepowitch* in relating the "intent to defraud" wording as "meaningless." However, *Lepowitch* did not hold that an allegation of intent to defraud was unnecessary, but instead defined the nature of the "fraud" required. Finally, there is nothing to indicate that Congress in the course of a structural recodification intended to greatly expand the scope of the statute so as to make more foolish bravado without any intent to deceive a federal felony.

We therefore reaffirm our conclusion in *Honea* that the 1948 recodification did not alter the nature of the fraudulent intent required in a prosecution for false impersonation. We now hold that "fraudulent intent", defined by the Supreme Court as the intent by artifice and deceit to cause another to follow some course he would not have pursued but for the deceitful conduct, is an essential element in a prosecution under part [1] of § 912.

Having delineated the scope of § 912[1], our inquiry as to whether the absence of an allegation that Randolph acted with an intent to defraud renders this indictment insufficient is, as in *Honea*, an easier question to resolve. An indictment or information in the language of the statute is ordinarily sufficient, except where the words of the statute do not contain all of the essential elements of the offense; but if the statute omits an essential element, the indictment must supply it with certainty. *Honea*, 344 F.2d at 804; Williams v. District of Columbia, 136 U.S.App.D.C. 56, 419 F.2d 638, 647 (1969) (*en banc*). In view of the language in *Lepowitch* it appears that an allegation in either the terms of the former statute[9] or in the language used by the Supreme Court in construing the statute[10] would be sufficient. In the present case, however, the indictment fails to allege that Randolph acted with any intent to defraud or deceive another person. As a consequence the indictment fails to inform Randolph of all of the elements of the offense with which he is charged. Honea v. United States, 344 F.2d 798; Walker v. United States, 342 F.2d 22, 26 (5th Cir.

7. We are not unmindful that the Fourth Circuit has reached a contrary conclusion under a different set of facts. United States v. Guthrie, 387 F.2d 569 (4th Cir. 1967). While not controlling as we pointed out in *Honea*, the Fourth Circuit apparently gave no weight to the Supreme Court approved form of indictment under § 912, Form 8, F.R.Cr.P. Appendix of Forms. That approved form contains an "intent to defraud" allegation, and is a strong indication of what good pleading requires under the statute.

8. *See* Preface to Title 18, U.S.C.A. Vol. 1 (complete text) p. XVI.

9. See note 5, supra.

10. 318 U.S. at 704–705, 63 S.Ct. at 916, 87 L.Ed. at 1093–1094.

1965); Dickson v. United States, 182 F.2d 131, 132 (10th Cir. 1950). The indictment is fatally defective, the conviction thereunder must be set aside, and the indictment must be dismissed.

Reversed.