UNITED STATES of America

v.

WILKES, Warren A. a/k/a
Jake Williams.

Appeal of Warren A. WILKES.

No. 83–5301.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
Rule 12(6)
Jan. 10, 1984.

Decided April 19, 1984.

George E. Schumacher, Federal Public
Defender, W. Penn Hackney, Asst. Federal
Public Defender, Pittsburgh, Pa., for appel-
lant.

J. Alan Johnson, U.S. Atty., Constance
M. Bowden, Asst. U.S. Atty., Richard A.
Bacvar, Legal Intern, Pittsburgh, Pa., for
appellee.

Before ALDISERT, HIGGINBOTHAM
and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit
Judge.

The defendant-appellant Warren A.
Wilkes, also known as Jake Williams, ap-
peals, *inter alia*, from a judgment of con-
viction and sentence of 18 months' impris-
onment for false personation in violation of
title 18, United States Code, section 912.
18 U.S.C. § 912. The defendant asks this
court to hold that counts of an indictment
are fatally defective where it is charged
that a defendant "did falsely pretend and
assume to be an officer and employee of
the United States," and who "did falsely
take upon himself to act as such" (Count 1)
and who "in such pretended character did
obtain" sums of money (Counts 2–11), in
violation of 18 U.S.C. § 912. The defend-
ant claims that these counts are defective
because they do not specifically allege an
"intent to defraud." [1]

The question of whether a criminal in-
dictment need expressly allege an "intent

---

**1.** Warren A. Wilkes raises three additional con-
tentions: First, Wilkes argues that the district
court erred in admitting into evidence Wilkes'
spontaneous statement made at the time of ar-
rest to an FBI agent expressing a willingness to
make restitution. Second, Wilkes maintains
that the district court erred in refusing to take

judicial notice of the definition of schizophrenia
and accordingly instructing the jury.

Finally, Wilkes asserts that it was plain error for
the district court to admit into evidence a taped
telephone conversation obtained without a vol-
untary consent.

to defraud" to make out a section 912 offense has not been considered before by this court. We hold that the indictment need not allege an intent to defraud and thus we align this court with the majority of courts of appeals on this issue. We therefore will affirm the conviction and sentence below.

## I.

The evidence presented at trial established that on several occasions, the defendant, Warren A. Wilkes, claimed he was a Social Security Administration employee and collected money from Raymond Bender ("Bender"), a 62-year-old disabled veteran, as alleged overpayments in the disability benefits Bender was receiving from the Social Security Administration. According to the government's evidence, the defendant contacted Bender by telephone on September 7, 1982 and identified himself as Jake Williams, an employee of the Social Security Administration, who was calling on behalf of Warren A. Wilkes. The defendant informed Bender that Bender had received an excess of $160 in disability benefits which he was required to repay in order to remain eligible for future benefits. The defendant indicated that he would collect the "overpayment" the following day.

The evidence further establishes that on September 8, 1982, the defendant arrived at the Bender residence, identified himself as Jake Williams from the Social Security Administration and requested Bender to give him checks totaling $160 payable to Warren A. Wilkes. The defendant repeated this procedure on numerous occasions and demanded repayment of alleged overpayments in amounts ranging from $50 to $125.

Mr. Joseph Bender, Raymond Bender's brother, suspicious of Jake Williams, ultimately filed a complaint with the Federal Bureau of Investigation ("FBI"). FBI agents interviewed Raymond Bender and recorded a December 20, 1982 telephone conversation between the person identifying himself as Jake Williams and Raymond Bender, having obtained Bender's prior consent to do so. During the course of the conversation, the caller told Bender that he had to repay a sum of $50. The following day, the defendant arrived at Mr. Bender's residence, claiming to be Jake Williams. He collected the $50 and was arrested on the scene by FBI agents.

At the conclusion of the government's case, the defendant moved to dismiss the indictment for failure to charge "intent to defraud" in any of the eleven counts. The trial court denied the motion, concluding that intent to defraud need not be specifically alleged. The trial court determined that although the indictment did not specifically allege an intent to defraud, it charged in the exact terminology of the statute that the defendant pretended to be an employee of the United States acting under the authority thereof, that the defendant acted as such and that in such pretended character demanded and indeed obtained money from Raymond Bender in violation of section 912. Therefore, the trial court concluded that it was unnecessary for the indictment to allege an intent to defraud.

The jury returned a verdict of guilty on all counts from which the defendant appeals.

## II.

The defendant renews on this appeal his assertion that a specific intent to defraud is a necessary element of the offenses prohibited by section 912. Apparently the basis for this position is found in the fact that the offense of falsely personating an officer or employee of the United States expressly required an "intent to defraud" in the statute as originally enacted in 1884:

> Whoever, *with intent to defraud* either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the au-

Having considered the record before us carefully and the applicable law, we hold that these arguments have no merit and do not warrant any discussion.

thority of the United States, or any department, or any officer of the Government thereof, or under the authority of any corporation owned or controlled by the United States, and [1] shall take upon himself to act as such, or [2] shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, or any corporation owned or controlled by the United States, any money, paper, document, or other valuable thing, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

18 U.S.C. § 76 (1940) (emphasis added).[2] This provision remained unchanged until the penal code was revised in 1948.

In the 1948 revision of the criminal code, the language "intent to defraud" was deleted from the statute and that section was recodified as section 912, 18 U.S.C. § 912. As revised, section 912 now reads:

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, [1] and acts as such, [2] or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both.

18 U.S.C. § 912 (1982).[3]

The only explanation for the deletion is provided in the Historical or Revision Notes: "The words 'with the intent to defraud the United States or any person' contained in said section 76 of Title 18, U.S.C., 1940 ed., were *omitted as meaningless* in view of *United States v. Lapowich [Lepowitch]*, 318 U.S. 702 [63 S.Ct. 914, 87 L.Ed. 1091] (1943)." Legislative Note, 18 U.S.C. § 912 (1982). We thus

turn to the 1943 Supreme Court decision of *United States v. Lepowitch*, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943), in order to determine how the phrase "intent to defraud" became meaningless in light of that decision.

In *Lepowitch*, the defendants pretended to be FBI agents in order to obtain information concerning another individual's whereabouts. The trial court sustained a demurrer to the indictment which charged the defendants with a violation of section 76, reasoning that the defendants' conduct, " 'while highly reprehensible, does not come within the terms of the statute,' " and concluded that count one of the indictment did not adequately allege either impersonation or acting with intent to defraud. The government did not seek review of the district court's ruling on count two which was based on part [2] of section 76. *Id.* at 703, 63 S.Ct. at 915 (*quoting United States v. Lepowitch*, 48 F.Supp. 846, 847 (1942)).

The Supreme Court reversed. The Court compared the two clauses of section 912 and reasoned that clause one, the only one in consideration in *Lepowitch*, concerned the "deceitful attempt to affect the course of action of another" whereby a person could be defrauded without having parted with something of measurable value. *Id.* at 704, 63 S.Ct. at 916. Clause two, on the other hand, was construed in dictum as requiring something more, as in the nature of an intent to obtain a "valuable thing." *Id.* at 705, 63 S.Ct. at 916. As to the indictment, the Court reasoned that had "the statutory language ... alone been used, the indictment would have been proof against demurrer ...." *Id.* at 704, 63 S.Ct. at 916.

The Supreme Court held that "the words 'intent to defraud' in the context of this statute, do not require more than that the

---

**2.** For the sake of consistency and clarity of discussion, we will adopt the practice of other courts of inserting bracketed numerals to distinguish between the separate offenses contained in this provision. Section 912 specifies two distinct crimes: clause [1] makes it an offense to pretend to be an officer or employee of the federal government *and* to act as such while

clause [2] prohibits the demanding of and the obtaining of any money, paper, document or thing of value while in such pretended character. *See, e.g., United States v. Rosser,* 528 F.2d 652, 654 n. 4 (D.C.Cir.1976).

**3.** *See* note 2 *supra.*

defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *Id.* In our view it is this definitional statement which purportedly rendered the earlier requirement of an "intent to defraud" "meaningless" in the minds of the revisers of this section of the criminal code.

In the present case, with this background in mind, we must decide whether an express allegation of fraudulent intent is required in order to charge a violation of 18 U.S.C. § 912.

It is the defendant's position that, even though Congress dropped this language from the statute when it was revised in 1948, "intent to defraud" is still an essential element of a section 912 violation and must be expressly alleged in the indictment or the indictment is invalid. In support of his position, the defendant urges this court to adopt the Fifth Circuit's interpretation of the holding in *Lepowitch* and the legislative intent regarding the 1948 penal code revision.

The Fifth Circuit adheres to the precept that "intent to defraud" remains an element of the crime of falsely personating a federal officer or employee and must be charged in the indictment as to either section 912[1] or section 912[2]. Because the words of the statute are viewed as omitting an essential element of the offense, the Fifth Circuit requires that the indictment supply it with certainty. *United States v. Cohen*, 631 F.2d 1223 (5th Cir.1980) (section 912[1] offense); *United States v. Randolph*, 460 F.2d 367 (5th Cir.1972) (section 912[1] offense); *Honea v. United States*, 344 F.2d 798 (5th Cir.1965) (section 912[2] offense).

The Fifth Circuit stands alone in its interpretation of the requirements of indictments alleging violations of section 912[1] and [2]. All of the other six circuit courts of appeals which have considered this issue disagree with the Fifth Circuit's interpretation of *Lepowitch* and the subsequent penal code revision. Specifically, recent decisions in the District of Columbia, Second, Fourth, Seventh, Eighth and Ninth Circuits have held that an indictment alleging a violation of either section 912[1] or 912[2] need *not* charge a specific intent to defraud to be sufficient.

In *United States v. Guthrie*, 387 F.2d 569 (4th Cir.1967), the Fourth Circuit did not consider the congressional change as inadvertent due to a misunderstanding of *Lepowitch*. The court interpreted the 1948 revision of Section 912 to mean that intent to defraud was no longer an element of the false personation statute and need not be alleged in an indictment or proved at trial. The *Guthrie* defendants had impersonated federal bank examiners in violation of part [1] of section 912. The court reasoned that whether or not the amendment was in fact necessitated by the Supreme Court's holding in *Lepowitch*, Congress apparently accepted the reviser's view and thus relied upon the "accepted canon of statutory construction that where Congress has advertently changed the legislative language the change must be given effect" to support the conclusion that intent to defraud is no longer an element under section 912[1]. *United States v. Guthrie*, 387 F.2d at 571. The deletion of the intent language amounted to a recognition that "the injury to the federal government is occasioned by masquerading and acting as a government official regardless of fraudulent intent." *Id.*

The *Guthrie* rationale, although applied in the context of a section 912[1] violation and expressly rejected by the Fifth Circuit in *United States v. Randolph*, 460 F.2d at 370, has been followed and modified by other circuits as well as expanded to include offenses under section 912[2]. The common thread in these decisions is that the analysis of *Lepowitch* and the subsequent legislative revision in 1948 are directly contrary to the Fifth Circuit's approach. *See United States v. Cord*, 654 F.2d 490 (7th Cir.1981) (section 912[2]); *United States v. Robbins*, 613 F.2d 688 (8th Cir. 1979) (section 912[2]); *United States v. Rosser*, 528 F.2d 652 (D.C.Cir.1976) (section 912[1]); *United States v. Rose*, 500 F.2d 12

(2d Cir.1974) (section 912[2]); *United States v. Mitman*, 459 F.2d 451 (9th Cir. 1972) (section 912[2]).

In the case of *United States v. Rosser*, 528 F.2d 652 (D.C.Cir.1976), the court held that an indictment sufficiently charged that the defendant acted as an Internal Revenue Service employee in violation of section 912[1] even though the indictment did not charge that the defendant did so with an intent to defraud. The approach of the District of Columbia Circuit in that case has been followed in other cases involving section 912[1] offenses which have held that "intent to defraud" is not an essential element.

The District of Columbia Circuit attempted to reconcile the divergent rationales of *Honea* and *Guthrie* in *Rosser*. The *Rosser* court agreed with the Fifth Circuit's interpretation of *Lepowitch* in *Randolph* to the extent that *Lepowitch* did not hold that an allegation of intent to defraud was unnecessary but framed the issue before it as "whether intent to defraud as defined by *Lepowitch* could reasonably have been considered by Congress to be present whenever the elements retained in the 1948 revision are proven." 528 F.2d at 655 n. 13. In attempting to reconcile the conflicting interpretations of congressional intent, Judge Skelly Wright articulated the following rationale and approach:

> We agree with the Fifth Circuit that Congress did not intend to increase the scope of the false personation statute by adopting the revisers' draft of Section 912. We also agree with the Fourth Circuit that courts should be extremely hesitant to read back into the statutory definition of a crime words specifically excised by Congress. Fortunately, these conclusions are not irreconcilable.
>
> The crime defined by Section 912[1] has two elements: falsely pretending to be an officer or employee of the United States, and acting "as such." If acting "as such" is understood to mean performing an overt act that asserts, implicitly or explicitly, authority that the impersonator claims to have by virtue of the office he pretends to hold, the concerns of both the Fifth and Fourth Circuits can be accommodated. Attempting to exercise pretended authority is far more offensive to the interests of the United States than is "mere bravado." Moreover, it seems reasonable for Congress to have concluded that virtually everyone who pretends to be an officer or employee of the United States and in some manner asserts authority by acting "as such" seeks "to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *United States v. Lepowitch, supra*, 318 U.S. at 704, 63 S.Ct. at 916. Thus elimination of intent to defraud as an element of the crime defined by Section 912[1] does "not overrule Lepowitch by relegislation or * * * modify the substance of the provision." *Honea v. United States, supra*, 344 F.2d at 802.
>
> Our understanding of the meaning of "acts as such" in Section 912[1] explains the revisers' use of the word "meaningless"—after *Lepowitch* the intent to "defraud" requirement is surplusage.

*Id.* at 656 (footnotes omitted). Congress thus recognized that the words "intent to defraud" were meaningless since intent to defraud as defined by the Supreme Court in *Lepowitch* would be present whenever the element "acting as such" was proven. *Accord, United States v. Robbins*, 613 F.2d 688, 690–92 (8th Cir.1979).

Unlike section 912[1], as the *Lepowitch* Court indicated by way of dictum, section 912[2] requires more than an exertion of pretended authority to complete the crime. The offense is committed if an impersonator demands or obtains something of value in the guise of a federal officer or employee rather than in some other capacity unrelated to the false personation. *See United States v. Cord*, 654 F.2d at 492. In *Cord*, the defendant obtained $6,000 on the pretext of conducting an FBI investigation and the Seventh Circuit stated that:

> Where one is deceived into giving up something of value, as required by the second part of the statute, it is even

more implausible that the purpose is pure. Thus there need be no allegation of fraudulent intent since allegation of acts sufficient to violate part two would satisfy the *Lepowitch* definition.

*Id.* (emphasis added). Thus, "[t]he requirement of § 912[2] that the money or thing of value be demanded or received in 'pretended character' adequately covers the possibility raised by the *Lepowitch* definition that the impersonation did not affect the actions of the person deceived." *United States v. Rose,* 500 F.2d at 16, *vacated on other grounds,* 422 U.S. 1031–32, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975).

The overwhelming weight of the authority thus goes against the conclusion of the Fifth Circuit and the approach advocated by the defendant. As the Eighth Circuit remarked in *United States v. Robbins,* 613 F.2d at 691, we too "question the wisdom of requiring that an indictment allege an 'intent to deceive' when the reviser's note to the statutory change indicated that the words were rendered 'meaningless' by a decision of the United States Supreme Court." Moreover, we are mindful of the District of Columbia Circuit's admonition that "courts should be extremely hesitant to read back into the statutory definition of a crime words specifically excised by Congress." *United States v. Rosser,* 528 F.2d at 656; *See United States v. Guthrie,* 387 F.2d 569 (4th Cir.1967).

We believe that "intent to defraud" as defined by *Lepowitch* could reasonably have been considered by Congress to be present whenever the elements retained in section 912 are proven, and thus we hold that an indictment alleging violations of title 18, United States Code, section 912[1] or [2] need not specifically allege an intent to defraud. An intent to defraud as de-

fined in *Lepowitch* is present for a section 912[1] offense whenever the element "acting as such" is proven and need not be specifically alleged. Similarly, an intent to defraud is present for purposes of a section 912[2] offense whenever one demands or receives money or a thing of value in "pretended character," acting under the authority of the United States. Thus, we conclude that the statutory language contains the necessary elements of the offense and an indictment alleging all of the necessary elements is sufficient. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962); *United States v. Wander,* 601 F.2d 1251, 1258 (3d Cir.1979).

## III.

■ Having determined that a criminal indictment charging a violation of section 912 need not allege a specific intent to defraud, we will now examine the indictment in question to determine whether it is sufficient.

Count I of the indictment in issue charged the defendant with a section 912[1] offense. Specifically, it charged: "WARREN A. WILKES, a/k/a Jake Williams, did falsely pretend and assume to be an officer and employee of the United States acting under the authority thereof, that is, an employee of the Social Security Administration, and did falsely take upon himself to act as such." [4] Counts II through XI charged the defendant with a section 912[2] offense. Specifically, those counts charged that "William A. Wilkes, a/k/a Jake Williams, did falsely pretend to be an officer and employee of the United States acting under the authority thereof, that is an employee of the Social Security Administra-

---

**4.** Count I of the indictment charges that:

Between on or about the eighth day of September, 1982 and on or about the twenty-first day of December, 1982, at Pittsburgh, in the Western District of Pennsylvania, WARREN A. WILKES, a/k/a Jake Williams, did falsely pretend and assume to be an officer and employee of the United States acting under the authority thereof, that is, an employee of the Social Security Administration, and did false-

ly take upon himself to act as such, in that he falsely identified himself to Raymond Bender as an employee of the Social Security Administration and falsely informed him that payments of Social Security benefits had been made to him in excess of the amounts to which the said Raymond Bender was lawfully entitled.

In violation of Title 18, United States Code, Section 912. Appendix at 1a.

tion, and in such pretended character did obtain the sum of $60.00, [$100.00, $100.00, $100.00, $60.00, $125.00, $64.00, $64.00, $50.00, and $50.00] from Raymond Bender."[5] We conclude that because the statutory language contains all of the necessary elements of the offense and because the indictment tracks the statutory language the indictment is sufficient to withstand defendant's challenges. The government thus met the burden of proof.

We therefore will affirm the judgment and sentence below.

---

**5.** Counts II through XI of the indictment charged that on or about September 8, 1982, September 10, 1982, September 13, 1982, September 14, 1982, September 15, 1982, September 16, 1982, December 7, 1982, December 10, 1982, December 15, 1982 and December 21, 1982, "William A. Wilkes, a/k/a Jake Williams, did falsely pretend to be an officer and employee of the United States acting under the authority thereof, that is an employee of the Social Security Administration, and in such pretended character did obtain the sum of $60.00, [$100.00, $100.00, $100.00, $60.00, $125.00, $64.00, $64.00, $50.00, and $50.00] from Raymond Bender in violation of Title 18, United States Code, Section 912."

Appendix at 1a–2 to 1a–11.