**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David De Costa BUSHROD, Defendant-Appellant.**

**CA No. 84–5330.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1985.

Decided June 17, 1985.

Jeffrey Modisett, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Carlton F. Gunn, Los Angeles, Cal., for defendant-appellant.

Before PREGERSON and ALARCON, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Appellant, David Bushrod, was convicted of impersonating a federal officer in violation of 18 U.S.C. § 912. We affirm.

### Facts

On January 24, 1984, David Bushrod called Thomas Pink, the President of Lightning Bolts, Inc., and identified himself as David Pierce, an Internal Revenue Service (IRS) auditor. Pierce told Pink that he was auditing National Supply Co. and that his audit showed that Lightning Bolts, Inc. owed National Supply money. When Pink objected to the bill, Bushrod, who identified himself as Pierce, told Pink that he could force National Supply to accept a settlement offer.

Pink was suspicious of the call. He, therefore, telephoned the Los Angeles office of the IRS and found that there was no IRS employee named David Pierce. A short time later, an IRS agent went to Lightning Bolts' offices to interview Pink, and he was present when Pink received a telephone call from National Supply. The

IRS agent recorded the conversation between Pink and Pierce in which they agreed to settle the debt of $479.02 for $229.02. Pink suggested that the IRS agent, who was posing as a Lightning Bolts' employee, deliver the payment.

The IRS agent attempted to meet with Pierce, but he was unsuccessful. On February 8, 1984, the IRS agent and another IRS employee visited the offices of National Supply, and they identified themselves as IRS agents. They learned that David Pierce was actually David Bushrod, a debt collector for National Supply. Bushrod admitted to the agents that he had represented himself as an IRS auditor to Pink and that he had never been employed by the IRS.

Bushrod was indicted on two counts of wire fraud, 18 U.S.C. § 1343, and one count of impersonating a federal officer on February 1, 1984, 18 U.S.C. § 912. The court found Bushrod not guilty on the wire fraud counts but guilty on the impersonation count. The court found that Bushrod intended to cause Pink to take a course of action that he would not otherwise have pursued except for Bushrod's false representation that he was an IRS agent. The court found that there was no "doubt that he [Bushrod] was in effect trying to demand money from Lightning Bolt[s]." The court also found that at the time of the second telephone call, Pink did not believe that Bushrod was an IRS agent.

On appeal Bushrod contends that 1) his belief that he was collecting a valid debt is a defense to the charge of impersonating a federal officer; 2) Pink did not believe nor was he affected by the impersonation; and 3) he did not demand money in his "pretended character."

### Discussion

**1) *Claim of Right Defense***

▮ 18 U.S.C. § 912 provides:

Whoever [1] falsely assumes or pretends to be an officer or employee acting under authority of the United States or any

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

department, agency or officer thereof, and acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined ... or imprisoned ... or both.[1]

Bushrod was convicted of the second of these offenses [2], for impersonating an IRS auditor and demanding money in such pretended character.

Before the 1948 revision of the penal code, the offense of falsely impersonating a federal officer specifically required proof of an intent to defraud. *See* 18 U.S.C. § 76 (1940). When Congress revised the code, this language was dropped. Bushrod argues that Congress intended to retain some of the common law aspects of fraud in the statute despite the deletion of the specific intent to defraud language. He contends that Congress amended the statute fully aware of the Supreme Court's opinion in *United States v. Lepowitch*, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091, *reh'g denied*, 319 U.S. 783, 63 S.Ct. 1171, 87 L.Ed. 1727 (1943), which held that "the words 'intent to defraud' in the context of this statute, do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *Id.* 318 U.S. at 704, 63 S.Ct. at 916.

Bushrod argues that because claim of right is a defense to common law fraud, it is also a defense to those aspects of common law fraud incorporated in 18 U.S.C. § 912. Specifically, he argues that if he believed that Lightning Bolts, Inc. owed the debt and would have had to pay anyway, he could not have intended to cause them to "pursue a course of conduct [they] would not have pursued but for [his] deceitful conduct."

There is no merit to Bushrod's argument. Most circuits have held that an intent to defraud is not a separate element of 18 U.S.C. § 912. *See United States v. Mitman*, 459 F.2d 451, 453 (9th Cir.), *cert. denied*, 409 U.S. 863, 93 S.Ct. 154, 34

L.Ed.2d 111 (1972); *United States v. Wilkes*, 732 F.2d 1154, 1157–59 (3d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984) (summary of other circuits). *But see Honea v. United States*, 344 F.2d 798 (5th Cir.1965).

The court in *United States v. Wilkes* found that an intent to defraud, as defined in *Lepowitch*, is present whenever one demands or receives money or a thing of value in "pretended character" acting under the authority of the United States. *Wilkes*, 732 F.2d at 1159. In other words, if the government proves the other elements of the statute, an intent to defraud is established. We hold that Bushrod's claim of right defense is irrelevant because it does not negate any of the elements of section 912. *Accord United States v. Guthrie*, 387 F.2d 569, 571 (4th Cir.1967) ("the injury to the federal government is occasioned by masquerading and acting as a government official regardless of fraudulent intent.") Bushrod's demand for money while masquerading as a federal officer is the gravamen of the offense of violating section 912.

Bushrod also contends that for him to have violated section 912, Pink must have believed the misrepresentation. Bushrod relies on *Haid v. United States*, 157 F.2d 630 (9th Cir.1946), in which the court said, "[i]f it is necessary, in establishing the charge, to prove that the victim relied upon the pretense of the impostor, then it becomes necessary to further show that the victim believed in the pretense." *Id.* at 632.

*Haid* was decided before the 1948 amendment to the statute when "intent to defraud" was still a separate element. The analysis in *Haid* rests on this intent to defraud, and it is no longer controlling. Furthermore, the result in *Haid* conflicts with those cases which focus on the defendant's action, not on the victim's state of mind. *See, e.g., Lepowitch*, 318 U.S. at 704, 63 S.Ct. at 916. (The Court held that all the statute required was that the defendant, in pretended character, sought to

---

**1.** We insert two bracketed numbers to identify the two separate offenses created by the statute.

*See, i.e., United States v. Rosser*, 528 F.2d 652, 654 (D.C.Cir.1976).

**1054**

cause the victim to follow a different course of action.)

Section 912 has been often construed to include attempted as well as completed behavior. In *United States v. Guthrie*, 387 F.2d 569, a defendant posed as a bank examiner. In this role, he convinced the victim to withdraw his entire account and give it to his co-defendant as part of an investigation. The victim was suspicious of defendants, so he called the FBI. The FBI arrested the co-defendant when he arrived at the victim's home to pick up the money. The court in *Guthrie* did not examine the victim's belief. The demand in pretended character was enough.

Bushrod's contention that the word "demand" in the statute requires threatening conduct and that he did not make his demand in "pretended character" because he could have made the same request as a private auditor has no merit. There is nothing in the statute or case law which supports such a restrictive reading.

The judgment of conviction is AFFIRMED.