**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Derrick Cornelius GAYLE, Claude Bertram Hester, Defendants– Appellants.**

**No. 90–7500.**

United States Court of Appeals, Eleventh Circuit.

July 24, 1992.

---

**484**

L. Scott Johnson, Jr., Montgomery, Ala., for Gayle.

Thomas M. Goggans, Montgomery, Ala., for Hester.

Louis V. Franklin, Sr., U.S. Attorney's Office, Montgomery, Ala., for U.S.

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, ANDERSON, EDMONDSON, COX, and BIRCH, Circuit Judges,* and MORGAN**, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Claude Bertram Hester and Derrick Cornelius Gayle were convicted of impersonating federal officers in violation of 18 U.S.C. § 912. Both men challenged their convictions, contending that the indictment was insufficient because it failed to allege an "intent to deceive" and because it failed to assert separate overt acts beyond the impersonation of officers. A panel of this court, finding itself bound by pre–1981 Fifth Circuit law, reversed the convictions. *United States v. Gayle*, 936 F.2d 1234 (11th Cir.1991). A majority of the judges of this court in regular active service voted that this case be reheard en banc. *United States v. Gayle*, 948 F.2d 1572 (11th Cir. 1991).[1] On rehearing we affirm the district court and uphold the convictions. We hold that section 912 indictments need not allege an "intent to deceive." Further, the indictments need not allege separate overt acts beyond the general allegation of acting consistently with the assumed character.

I. The Facts

In October 1989, two sisters, Cynthia Kirkland and Eulanda Jones, were driving home from Southern Technical College in Montgomery, Alabama. Kirkland drove, and Jones sat in the passenger seat. They soon became aware that the car behind them was following very closely. That car was driven by appellant Hester with appellant Gayle in the passenger seat. Kirkland changed lanes and attempted to let Hester pass, but Hester continued to follow the women. Fearing that the men were trying to harass them, the women agreed to change their course and drive to the Revco

---

* Judge Dubina did not participate in the consideration or decision of this case.

** Senior U.S. Circuit Judge Morgan has elected to participate in this decision pursuant to 28 U.S.C. § 46(c).

1. This order vacated the previous panel's opinion.

Distribution Center, where their brother Jerry Jones was employed. Before reaching this destination, however, Hester's car crashed into the back of Kirkland's car. Kirkland then pulled to the side of the road. Hester drove his car around Kirkland's car and stopped in front of it.

Kirkland and Hester got out of their cars, and Kirkland demanded to know why the men were following them and why they had hit her car. According to Kirkland, Hester informed her that he was Charles Buchanan of the F.B.I. He also stated that he was assisting sheriff John Hewlett in the investigation of a car accident, and that her car was one of the cars involved. At some point during the ordeal, the women noticed that the front license plate of Hester's car stated "F.B.I." in large letters. The women did not notice that the plate also said "Female Body Inspector" in smaller letters beneath the "F.B.I." lettering. The women also observed defendant Gayle talking into a cordless telephone which was later found to be inoperative.

After Hester and Kirkland had been arguing for a few minutes, Gayle emerged from the car with a pad and pencil and wrote down Kirkland's license plate number. Hester told Gayle to "call in" the number, and Gayle went back and pretended to call on the cordless phone. At Kirkland's direction, Jones ran to the Revco Distribution Center and returned a few minutes later with their brother, Jerry Jones. When Jerry Jones asked Hester for identification, Hester replied that he was Charles Buchanan of the F.B.I. and that he did not need to provide identification. One of the appellants also stated at some point that they would have to take the women "downtown." When Jerry Jones' supervisor arrived to investigate the situation,

Hester and Gayle returned to their car and left the scene.

Hester and Gayle each were indicted for impersonating a federal officer and acting as such in violation of 18 U.S.C. § 912, and for detaining persons while impersonating a federal officer in violation of 18 U.S.C. § 913. The jury returned verdicts of guilty for each defendant on the section 912 charge.

## II. Intent to Defraud

A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense. *United States v. Italiano*, 837 F.2d 1480, 1482 (11th Cir. 1988). This rule serves two purposes. First, it informs the defendant of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution. Second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime. *Id.* at 1482, 1486. Appellants contend that the indictment in this case was insufficient because it failed to allege that the defendants acted with an "intent to defraud" and consequently did not set forth an essential element of the offense of impersonating a federal officer.[2]

Section 912 provides:
Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, [shall be guilty of a felony].[3]

---

2. The indictment stated:
[defendants] did knowingly, willfully and falsely assume and pretend to be officers and employees of the Federal Bureau of Investigation (FBI) acting under the authority of the United States, and acted as such in that they held themselves out to be FBI agents to [Jones and Kirkland], in violation of Title 18, United States Code, Section 912.

3. We follow the custom adopted by other courts addressing this statute of inserting bracketed numerals to identify the two distinct offenses included in § 912. *See United States v. Wilkes*, 732 F.2d 1154, 1156 n. 2 (3d Cir.), *cert. denied*, 469 U.S. 964, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984). Appellants in this case were indicted under part [1] of the statute, which prohibits falsely impersonating a federal agent and acting as such.

Although the statutory language does not mention an intent to defraud, appellants argue that such an intent is nevertheless an element of the offense.

Appellants' argument is based on the prior wording of the statute, which stated that "[w]hoever with *intent to defraud* either the United States or any person" impersonates a federal officer, and either "acts as such" or demands or obtains a "valuable thing", shall be guilty of a felony. 18 U.S.C. § 76 (1940) (emphasis added). In 1948, the provision was recodified and amended to its present language. The Reviser's Notes to that amendment explain that "[t]he words 'with intent to defraud' ... were omitted as meaningless in view of *United States v. Lapowich* [sic]." Reviser's Note 18 U.S.C.A. § 912 (citing *United States v. Lepowitch*, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943)).

In *Lepowitch*, the district court dismissed an indictment under the former version of the statute because the indictment failed to make sufficient allegations of an intent to defraud. The Supreme Court reversed, holding that "the words 'intent to defraud' in the context of this statute, do not require more than the defendants have, by artifice or deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *Lepowitch*, 318 U.S. at 704, 63 S.Ct. at 916. It was apparently this language which rendered the intent to defraud language "meaningless" to the revisers of the statute.

The issue of how to treat the deletion of the intent to defraud language from the original statute has been handled in various ways by the courts of appeals. Seven circuits have held that the government need not plead nor prove intent to defraud. *See Wilkes v. United States*, 469 U.S. 964, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984) (White, J., dissenting from denial of certiorari). These seven circuits, however, have arrived at this result through two different analyses.

The Second, Fourth, Seventh, and Ninth Circuits have held that the deletion of the "intent to defraud" language from the statute entirely eliminated that element from the offense. These circuits subscribe to the philosophy that:

> It cannot be assumed in these circumstances that Congress deleted an element theretofore regarded as essential without intending to affect the meaning of the statute.... We hold therefore, that 'intent to defraud' is no longer an element of a charge under part [1] of § 912....

*United States v. Guthrie*, 387 F.2d 569, 571 (4th Cir.1967) (brackets in original); *see also United States v. Cord*, 654 F.2d 490 (7th Cir.1981); *United States v. Rose*, 500 F.2d 12 (2d Cir.1974), *vacated on other grounds*, 422 U.S. 1031, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975); *United States v. Mitman*, 459 F.2d 451, 453 (9th Cir.), *cert. denied*, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972).

In contrast, the Third, Eighth and D.C. Circuits do not agree that intent to defraud has ceased to be an element of the crime although they do agree that "intent to defraud" need not be alleged specifically in the indictment. These circuits have concluded that in amending the statute, Congress determined that "intent to defraud," as defined in *Lepowitch*, is automatically present any time the other elements of the offense (i.e. [1] acting as such or [2] obtaining something of value) are proven. Thus, specific language alleging "intent to defraud" would be surplusage. See *United States v. Wilkes*, 732 F.2d 1154 (3d Cir.), *cert. denied*, 469 U.S. 964, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984); *United States v. Robbins*, 613 F.2d 688 (8th Cir.1979); *United States v. Rosser*, 528 F.2d 652 (D.C.Cir. 1976).

The former Fifth Circuit, whose decisions are binding on this court,[4] reached a conclusion contrary to both the analyses mentioned above. In *Honea v. United States*, 344 F.2d 798 (5th Cir.1965), the court determined that the deletion of the intent to

---

**4.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

defraud language of the statute was not intended to change the substantive elements of the offense, and therefore "[a]n intent to defraud or an intent to wrongfully deprive another of property is an essential element for a prosecution under the part [2] of § 912." *Id.* at 802–03. In *United States v. Randolph,* 460 F.2d 367, 370 (5th Cir.1972), the court applied this reasoning to part [1] of section 912.

Having reviewed the decisions of the circuits that have addressed this issue, we are persuaded that the approach taken by the Third, Eighth and D.C. Circuits is the proper one. The rationale behind that approach was well stated by Judge Skelly Wright:

> [i]t seems reasonable for Congress to have concluded that virtually everyone who pretends to be an officer or employee of the United States and in some manner asserts authority by acting "as such" seeks "to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct."

*Rosser,* 528 F.2d at 656 *(citing United States v. Lepowitch,* 318 U.S. at 704, 63 S.Ct. at 916). Under this rationale, an indictment under 18 U.S.C. § 912 need not allege an intent to defraud because such intent can be inferred from the alleged acts. We believe this view is correct and therefore adopt it as the standard for this circuit. In so doing, we overrule prior precedent as expressed in *United States v. Honea, supra,* and *United States v. Randolph, supra.*

### III. Acts as Such

■ Defendants also challenge the indictment as insufficient for failing to allege that defendants engaged in overt acts beyond the mere impersonation of a federal officer. They claim that the "acts as such" language of section 912 requires an allegation of separate and additional overt acts. At least one court supports the defendants' position. *United States v. Rosser,* 528 F.2d at 657 ("[T]he act that completes a violation of Section 912[1] must be something more than merely an act in keeping

with the falsely assumed character"). However, binding precedent from the old Fifth Circuit, as well as relevant Supreme Court authority, supports the government's argument that an indictment is sufficient to satisfy the "acts as such" language if it "alleges any overt act consistent with the assumed character." *United States v. Cohen,* 631 F.2d 1223, 1224 (5th Cir.1980); *United States v. Hamilton,* 276 F.2d 96, 98 (7th Cir.1960); *Lepowitch,* 318 U.S. at 704, 63 S.Ct. at 916; *Lamar v. United States,* 241 U.S. 103, 114–115, 36 S.Ct. 535, 538–39, 60 L.Ed. 912 (1916).

In *Lepowitch,* the Supreme Court stated "[t]he most *general* allegation of impersonation of a government official" satisfies the "act" requirement of section 912. 318 U.S. at 704, 63 S.Ct. at 916 (emphasis added). In addition, the Court stated that an indictment under 18 U.S.C. § 912 is sufficient if it merely mimics the language of the statute. *Id.*

*Lamar,* a case decided before the statute was revised, directly addressed the question of what acts must be alleged to satisfy the "acts as such" language. In that case, as here, the indictment alleged no more than that the defendant acted in violation of the statute by impersonating a federal official [5]:

> [the defendant] unlawfully, knowingly and feloniously did falsely assume and *pretend* to be an officer of the Government of the United States, to wit, a member of the House of Representatives of the Congress of the United States of America ... with the intent, then and there, to defraud Lewis Cass Ledyard ... and the said defendant, then and there, with the intent and purpose aforesaid, did take upon himself *to act as such member of Congress.*

*Lamar,* 241 U.S. at 111, 36 S.Ct. at 537–38. The Supreme Court held that this indictment sufficiently satisfied the "acts as such" language of the statute because this requirement "designat[es] the *character* of the officer or employee whose personation

---

**5.** In *Lamar,* the defendant was accused of impersonating a Congressman. In the instant

case, defendants Gayle and Hester were accused of impersonating F.B.I. officers.

the clause prohibits" and does *not* serve to "limit[ ] and define[ ] the overt act from which the criminality arise[s]." *Id.* at 115, 36 S.Ct. at 539. Therefore, the Supreme Court did not read into the statute a requirement that the indictment mention specific additional acts beyond the general allegation that the defendant acted consistently with his assumed identity.

In 1980, the former Fifth Circuit held that an indictment is sufficient if it "alleges *any* overt act consistent with the assumed character." *Cohen,* 631 F.2d at 1224. Because this standard correctly states the liberal position taken by the Supreme Court in *Lepowitch* and *Lamar,* we uphold it as the standard for this court. An indictment under 18 U.S.C. § 912 is sufficient if it contains general allegations of impersonating and acting as a federal officer; an indictment need not allege additional acts beyond the general act of impersonation.

IV. The Indictment

 Having adopted the *Cohen* standard, we now apply it to the case at hand. The Gayle/Hester indictment states that:
[defendants] did knowingly, willfully and falsely assume and *pretend to be officers and employees of the Federal Bureau of Investigation* (FBI) acting under the authority of the United States, *and acted as such in that they held themselves out to be FBI agents* to [Jones and Kirkland], in violation of Title 18, United States Code, Section 912.

(emphasis added). In this case, as well as in *Lamar,* the indictment does not allege any additional overt acts beyond the act of impersonating a federal officer. Under *Lamar* and *Lepowitch,* however, these "general" allegations fulfill the "act as such" requirement of the statute.

In addition, the indictment in question closely echoes the language of section 912. The statute provides that a violation occurs if a defendant "pretends to be an officer ... and acts as such." Using similar wording, the Gayle/Hester indictment states that defendants "did ... willfully ... pre-

tend to be officers ... of the Federal Bureau of Investigation ... and acted as such in that they held themselves out to be FBI agents." Under *Lepowitch,* use of the statutory language alone allows an indictment to withstand a motion to dismiss. *Lepowitch,* 318 U.S. at 704, 63 S.Ct. at 916.

V. Conclusion

Because the indictments adequately allege a violation of 18 U.S.C. § 912, we AFFIRM this portion of the district court's order. We REMAND the remaining issues, raised on direct appeal but not argued before this en banc court, to the original circuit panel for final resolution.