United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3632SI
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the |
| | * | United States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| | * | |
| Jonathan S. Gilbert, | * | |
| | * | |
| Appellant. | | |

_____

Submitted: February 10, 1998
Filed: April 29, 1998

_____

Before RICHARD S. ARNOLD,[1] Chief Judge, HANSEN, Circuit Judge, and
LIMBAUGH,[2] District Judge.

_____

RICHARD S. ARNOLD, Chief Judge.

_____

[1]The Hon. Richard S. Arnold stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998. He has been succeeded by the Hon. Pasco M. Bowman II.

[2]The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

After a jury trial, Jonathan Gilbert was convicted of impersonating a federal officer in violation of 18 U.S.C. § 912 (1994). Gilbert appeals, contending that his actions did not constitute a crime as set forth in the statute. We affirm. Gilbert not only falsely asserted that he was an officer of the United States Customs Service, he also caused local police officers to undertake an investigation they would not otherwise have pursued. This is enough, under our cases, to make out a violation of § 912. We therefore affirm.

I.

On February 16, 1997, two Carter Lake, Iowa, police officers stopped Gilbert for speeding. One of the officers, Brian Kruse, approached the driver's side of Gilbert's car and requested his license and registration. Gilbert produced a U.S. Customs Inspector badge. Officer Kruse repeated his request for a license and registration, and Gilbert produced the items. Officer Kruse asked about the Customs Inspector badge and Gilbert stated that he was a U.S. Customs Agent. The officer asked to see federal identification, and Gilbert pointed to the badge and said, "That's it." The officer requested picture identification and Gilbert displayed a laminated card from the badge case, which read "Department of the Treasury, U.S. Customs Service, Jonathan S. Gilbert, Customs Inspector, whose photograph and signature are annexed." No signature or photograph was attached to the card. Officer Kruse contacted Police Chief David Martin, who went to the site and asked Gilbert about his alleged employment with the Customs Service. Gilbert replied that he was a U.S. Customs Inspector who had recently transferred from New York to Omaha. Chief Martin asked Gilbert follow-up questions relating to his employment, which Gilbert was unable to answer. Gilbert displayed his badge to Chief Martin during their discussion. Officer Kruse then contacted the Customs Service to confirm Gilbert's status as a Customs Inspector. Two hours later, Customs informed Kruse that Gilbert was not an employee. Gilbert was arrested for impersonating a federal agent.

At trial, Gilbert testified that in 1992, while employed by the U.S. Customs Service as an Inspector, he misplaced his badge and credentials. He reported this loss to his supervisors in a memorandum. In 1996, when Gilbert was no longer employed by the Customs Service, he moved to Nebraska. After the move, he recovered the Customs Inspector badge and identification card from a box of books.

The United States charged Gilbert with posing as a U.S. Customs Agent, in violation of 18 U.S.C. § 912 (1994). Gilbert unsuccessfully moved to dismiss the indictment. He was tried and convicted by a jury. The District Court[3] sentenced him to one year on probation. Gilbert now appeals from the denial of the motion to dismiss and from the conviction.

II.

Title 18 U.S.C. § 912 (1994), provides that

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

Gilbert was prosecuted under the first portion of the statute, which requires that the defendant both assume or pretend to be a federal officer and act as such. Gilbert contends that the indictment and the evidence failed to establish that he "acted as such." He concedes that his statement to Officer Kruse that he was a Customs Officer establishes that he impersonated a federal agent. However, his display of the badge

---

[3]The Hon. Robert W. Pratt, United States District Judge for the Southern District of Iowa.

and identification card, he argues, were part of the initial impersonation and do not meet the additional "act[ing] as such" requirement of the law.

This Court has held that "to 'act as such' would be the equivalent of causing 'the deceived person to follow some course he would not have pursued but for the deceitful conduct.' " United States v. Robbins, 613 F.2d 688, 691 (8th Cir. 1979) (quoting United States v. Lepowitch, 318 U.S. 702, 704 (1943)). The Court further interpreted the "acts as such" language as "requiring reliance on the impersonator's assertion of authority." Id. In Robbins, the defendant told several people that he was an FBI agent. To substantiate this claim, he displayed, at various times, a pistol, a set of handcuffs, and an identification card with a badge. He told his girlfriend stories consistent with his assumed identity as an undercover agent. He purchased a car, chartered an airplane, and opened a checking account, each time purporting to be a federal agent. Robbins told a store owner that he was an FBI agent, and a few days later returned to the store carrying handcuffs and wearing a holster containing a revolver. The store owner became suspicious and called the FBI to verify his identity. Robbins was arrested and convicted under 18 U.S.C. § 912.

Like Gilbert, Robbins argued that he impersonated an FBI agent but did not " 'act as such' by asserting the authority of an FBI agent." Id. In Robbins, we held that

> [t]he carrying of a pistol, handcuffs, identification card and a badge go beyond 'mere bravado.' These actions are integral parts of the official routine of an FBI agent. Moreover, we are convinced that the evidence showed that the people who tolerated such acts and accorded some deference to Robbins, did so in reliance on the authority that an FBI agent possesses in order to carry out the duties of his profession.

Id. at 692 (citation omitted).  Robbins's actions went somewhat beyond the facts here. But a jury could reasonably infer that Gilbert attempted to avoid a ticket by falsely implying that he was on the way to some work-related emergency.  This act reasonably caused the police "to follow some course [they] would not have pursued but for the deceitful conduct."  Id. at 691 (citation omitted).  There was more here than a naked misrepresentation, more than mere bravado or puffing.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-