No. 83–6943. WILKES *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied. JUSTICE BLACKMUN would grant certiorari and summarily affirm the judgment of the Court of Appeals.

JUSTICE WHITE, dissenting.

Posing as a Social Security Administration employee, petitioner Warren Wilkes told a benefit recipient that Social Security overpayments had been made. Wilkes demanded a return of the overpayments, and in this manner repeatedly obtained money. As a result, Wilkes was charged with violating the second clause of 18 U. S. C. § 912, which prohibits demanding or obtaining anything of value while impersonating an officer or employee of a United States agency or department.*

At the end of the prosecution's case, Wilkes moved to dismiss the indictment for failure to charge intent to defraud in any of the counts. The District Court denied the motion. The judge found that although the indictment did not specifically allege an intent to defraud, it did charge, in the exact terminology of the statute, that petitioner pretended to be an employee of the United States acting under the authority thereof, and that acting as such and in such pretended character he demanded and obtained money from the victim in violation of the law. The jury found Wilkes guilty on all counts. The Third Circuit affirmed, holding that since the intent to defraud language was deleted from the statute in a 1948 revision, such an intent need not be specifically pleaded and

---

*Title 18 U. S. C. § 912 provides:

"Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [clause one] acts as such, or [clause two] in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years."

proved. 732 F. 2d 1154 (1984). This rule is consistent with the approach of six other Circuits. See *United States* v. *Cord,* 654 F. 2d 490 (CA7 1981); *United States* v. *Robbins,* 613 F. 2d 688 (CA8 1979); *United States* v. *Rosser,* 174 U. S. App. D. C. 79, 528 F. 2d 652 (1976); *United States* v. *Rose,* 500 F. 2d 12 (CA2 1974), vacated on other grounds, 422 U. S. 1031 (1975); *United States* v. *Mitman,* 459 F. 2d 451 (CA9), cert. denied, 409 U. S. 863 (1972); *United States* v. *Guthrie,* 387 F. 2d 569 (CA4 1967).

The rule in the Fifth Circuit, however, is otherwise. See *United States* v. *Cohen,* 631 F. 2d 1223 (1980); *United States* v. *Randolph,* 460 F. 2d 367 (1972); *Honea* v. *United States,* 344 F. 2d 798 (1965). The Fifth Circuit views congressional deletion of the intent to defraud language as merely an attempt to make statutory wording conform to authoritative judicial construction. As the Fifth Circuit sees it, the legislative history indicates that Congress labored under a misconception over what the prevailing judicial interpretation required. *Id.,* at 802. Thus, intent to defraud is still an element of the offense and must be specifically alleged in the indictment.

The statute at issue defines a federal crime, and it should be applied uniformly throughout the United States. Yet, because of conflicting interpretations, defendants in some parts of this country may be punished for violations without proof or pleading of an element required in another judicial circuit. Criminal culpability for violation of federal statutes should turn on uniform law, not geography. I would grant certiorari to resolve the conflict among the Circuits.