**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Derrick Cornelius GAYLE, Claude Bertram Hester, Defendants–Appellants.**

**No. 90–7500.**

United States Court of Appeals,
Eleventh Circuit.

July 30, 1991.

L. Scott Johnson, Jr., Orange Beach, Ala., for Gayle.

Thomas M. Goggans, Montgomery, Ala., for Hester.

Louis V. Franklin, Sr., U.S. Attorney's Office, Montgomery, Ala., for U.S.

Before KRAVITCH and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Claude Bertram Hester and Derrick Cornelius Gayle were convicted of impersonating a federal officer in violation of 18 U.S.C. § 912. Both challenge their convictions, contending that the indictment was insufficient because it failed to allege an "intent to deceive." Although this panel agrees with the seven other circuits that have held that an indictment need not al-lege an intent to deceive, the predecessor to this court has held that such an allegation must be made in the indictment. Therefore, until the United States Supreme Court or the en banc court of this circuit alters this rule, we are bound by it. Accordingly, we reverse the convictions.

I

In October 1989, two sisters, Cynthia Kirkland and Eulanda Jones, were driving home from Southern Technical College in Montgomery, Alabama. Kirkland drove, with Jones in the passenger seat. They soon became aware that the car behind them was following very closely. That car was driven by appellant Hester with appellant Gayle in the passenger seat. Kirkland changed lanes and attempted to let Hester pass, but Hester continued to follow the women. Fearing that the men were trying to harass them, the women agreed to change their course and drive to the Revco Distribution Center, where their brother Jerry Jones was employed. Before reaching this destination, however, Hester's car crashed into the back of Kirkland's car. Kirkland then pulled to the side of the road. Hester drove his car around Kirkland's car and stopped in front of it.

Kirkland and Hester got out of their cars, and Kirkland demanded to know why the men were following them and why they had hit her car. According to Kirkland, Hester informed her that he was Charles Buchanan of the F.B.I. He also stated that he was assisting sheriff John Hewlett in the investigation of a car accident, and that her car was one of the cars involved. At some point during the ordeal, the women noticed that the front license plate of Hester's car stated "F.B.I." in large letters. Although the plate also said "Female Body Inspector" in smaller letters, the women did not notice this. The women also observed defendant Gayle talking into a cordless telephone which was later found to be inoperative.

After Hester and Kirkland had been arguing for a few minutes, Gayle emerged from the car with a pad and pencil and took

down Kirkland's plate number. Hester told Gayle to "call in" the number, and Gayle went back and pretended to call on the cordless phone. At Kirkland's direction, Jones ran to the Revco Distribution Center and returned a few minutes later with their brother, Jerry Jones. When Jerry Jones asked Hester for identification, Hester replied that he was Charles Buchanan of the F.B.I. and that he did not need to provide identification. One of the appellants also stated at some point that they would have to take the women "downtown." Jerry Jones's supervisor then arrived to investigate the situation, and Hester and Gayle returned to their car and left the scene.

Hester and Gayle each were indicted for impersonating a federal officer and acting as such in violation of 18 U.S.C. § 912, and for detaining someone while impersonating a federal officer in violation of 18 U.S.C. § 913. The jury returned verdicts of guilty for each defendant on the section 912 charge.

## II

■ A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense. *United States v. Italiano*, 837 F.2d 1480, 1482 (11th Cir. 1988). This rule serves two purposes. First, it informs the defendant of the nature and cause of the accusation as required by the sixth amendment. Second, it fulfills the fifth amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime. *Id.; see also id.* at 1486. Appellants contend that the indictment in this case was insufficient because it failed to allege that the defendants acted with an "intent to defraud."

Section 912 provides:

Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [1] acts as such, or [2] in such pretended character demands or obtains any money, paper, document, or thing of value, [shall be guilty of a felony].[1]

Although the statutory language does not mention an intent to defraud, appellants argue that such an intent is nevertheless an element of the offense.

Appellants' argument is based on the prior wording of the statute, which stated that "[w]hoever *with intent to defraud* either the United States or any person" impersonates a federal officer, and either acts as such or demands or obtains a thing of value, shall be guilty of a felony. 18 U.S.C. § 76 (1940) (emphasis added). In 1948, the provision was recodified and amended to its present language. The Reviser's Notes to that amendment give the only explanation for the deletion of the "intent to defraud" language: "The words 'with the intent to defraud the United States or any person' ... were omitted as meaningless in view of *United States v. Lapowich [Lepowitch]*, [318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943)]." Reviser's Note, 18 U.S.C.A. § 912.

In *Lepowitch*, the district court dismissed an indictment under the former version of the statute because the indictment failed to make sufficient allegations of an intent to defraud. The Supreme Court reversed, holding that "the words 'intent to defraud' in the context of this statute, do not require more than the defendants have, by artifice or deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *Lepowitch*, 318 U.S. at 704, 63 S.Ct. at 916. It was apparently this language which rendered the intent to defraud language "meaningless" to the revisers of the statute.

---

1. We follow the custom adopted by other courts addressing this statute of inserting bracketed numerals to identify the two distinct offenses included in § 912. *See United States v. Wilkes,* 732 F. 1154, 1156 n. 2 (3d Cir.), *cert. denied,* 469 U.S. 964, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984). Appellants in this case were indicted under part [1] of the statute, which prohibits falsely impersonating a federal agent and acting as such.

■ The issue of how to treat the deletion of the intent to defraud language from the original statute has been handled in a number of ways by the courts of appeals. As Justice White has noted, seven circuits have held that intent to defraud need not be pleaded or proved. *See Wilkes v. United States*, 469 U.S. 964, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984) (White, J., dissenting from denial of certiorari). These seven circuits, however, have split between two different analyses.

The Second, Fourth, Seventh, and Ninth Circuits have held that the deletion of the intent to defraud language of the statute eliminated entirely that element from the offense. *See United States v. Guthrie*, 387 F.2d 569, 571 (4th Cir.1967) ("It cannot be assumed in these circumstances that Congress deleted an element theretofore regarded as essential without intending to affect the meaning of the statute.... We hold, therefore, that 'intent to defraud' is no longer an element of a charge under part [1] of § 912...."); *see also United States v. Cord*, 654 F.2d 490 (7th Cir.1981); *United States v. Rose*, 500 F.2d 12 (2d Cir.1974), *vacated on other grounds*, 422 U.S. 1031, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975); *United States v. Mitman*, 459 F.2d 451 (9th Cir.), *cert. denied*, 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972). On the other hand, the District of Columbia, Third, and Eighth Circuits, although agreeing that "intent to defraud" need not be alleged specifically in the indictment, do not agree that intent to defraud has ceased to be an element of the crime. Rather, these circuits have concluded that in amending the statute, Congress determined that any time the other elements of the offense (i.e., [1] acting as such or [2] obtaining something of value) were proved, "intent to defraud," as defined in *Lepowitch*, would automatically be present. Thus, requiring that intent to defraud be specifically alleged would be surplusage. *See United States v. Wilkes*, 732 F.2d 1154 (3d Cir.), *cert. denied*, 469 U.S. 964, 105 S.Ct. 364, 83 L.Ed.2d 299 (1984); *United States v. Rob-*

*bins*, 613 F.2d 688 (8th Cir.1979); *United States v. Rosser*, 528 F.2d 652 (D.C.Cir. 1976).

■ The former Fifth Circuit, whose decisions are binding on this court,[2] reached a contrary conclusion. In *Honea v. United States*, 344 F.2d 798, 802–03 (5th Cir.1965), the court determined that the deletion of the intent to defraud language of the statute was not intended to change the substantive elements of the offense, and therefore "[a]n intent to defraud or an intent to wrongfully deprive another of property is an essential element for a prosecution under the part [2] of § 912." *Id.* In *United States v. Randolph*, 460 F.2d 367, 370 (5th Cir.1972), the court applied this reasoning to part [1] of section 912.

Having reviewed the decisions of the eight circuits that have addressed this issue, we are persuaded that the approach taken by the District of Columbia, Third, and Eighth Circuits is the proper one. The rationale behind that approach is well stated by Judge Skelly Wright:

We agree with the Fifth Circuit that Congress did not intend to increase the scope of the false personation statute by adopting the revisers' draft of Section 912. We also agree with the Fourth Circuit that courts should be extremely hesitant to read back into the statutory definition of a crime words specifically excised by Congress. Fortunately, these conclusions are not irreconcilable.

The crime defined by Section 912[1] has two elements: falsely pretending to be an officer or employee of the United States, and acting "as such." If acting "as such" is understood to mean performing an overt act that asserts, implicitly or explicitly, authority that the impersonator claims to have by virtue of the office he pretends to hold, the concerns of both the Fifth and Fourth Circuits can be accommodated. Attempting to exercise pretended authority is far more offensive to the interests of the

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as precedent

the decisions of the former Fifth Circuit issued before October 1, 1981.

United States than is "mere bravado." Moreover, it seems reasonable for Congress to have concluded that virtually everyone who pretends to be an officer or employee of the United States and in some manner asserts authority by acting "as such" seeks "to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *United States v. Lepowitch, supra,* 318 U.S. at 704, 63 S.Ct. at 916. Thus, elimination of intent to defraud as an element of the crime defined by Section 912[1] does "not overrule Lepowitch by relegislation or ... modify the substance of the provision." *Honea v. United States, supra,* 344 F.2d at 802.

Our understanding of the meaning of "acts as such" in Section 912[1] explains the revisers' use of the word "meaningless"—after *Lepowitch* the intent to "defraud" requirement is surplusage.

*Rosser,* 528 F.2d at 656 (footnotes omitted); *see also Wilkes,* 732 F.2d at 1158 (quoting *Rosser).* Although we believe this view is the correct one, we are required to apply the decisions of the former Fifth Circuit in *Honea* and *Randolph* until those decisions are overruled by the Supreme Court or this court sitting en banc.

### III

The indictment in this case stated that the defendants

> did knowingly, willfully and falsely assume and pretend to be officers and employees of the Federal Bureau of Investigation (FBI) acting under the authority of the United States, and acted as such, in that they held themselves out to be FBI agents to [Jones and Kirkland], in

**3.** Because of this result, we do not reach appellants' other arguments concerning the convictions or Gayle's arguments regarding his sentence. We note, however, that appellants also argued that the indictment was insufficient because it failed to allege a separate overt act sufficient to satisfy the "acts as such" element of § 912. This issue also has divided the courts of appeals. At least one court has stated that "the act that completes a violation of Section 912[1] must be something more than merely an act in keeping with the falsely assumed character." *Rosser,* 528 F.2d at 657. Under this standard,

violation of Title 18, United States Code, Section 912.

Because the indictment did not allege an intent to defraud, the convictions based upon that indictment cannot stand under the present law of this circuit. The decision of the district court is therefore REVERSED, and the convictions are VACATED.[3]

the indictment in this case would be insufficient, as it stated only that defendants "acted as such, in that they held themselves out to be FBI agents" to the victims. Other courts, however, have not required any additional act. *See, e.g., United States v. Cohen,* 631 F.2d 1223, 1224 (5th Cir.1980) (indictment sufficient to satisfy part [1] "when it alleges any overt act consistent with the assumed character"). The indictment in this case would suffice under this standard. If our en banc court should choose to hear this case, this issue also must be resolved.