**COMMONWEALTH OF KENTUCKY, Appellant,**

v.

**Hon. Lewis G. PAISLEY, Special Judge, Appellee,**

and

**Karu Gene White (Real Party in Interest), Appellee.**

No. 2006–SC–0328–OA.

Supreme Court of Kentucky.

Sept. 21, 2006.

GRAVES, Justice.

The Commonwealth petitions this Court for a writ to prohibit Appellee, Senior Judge Lewis G. Paisley, sitting specially in the Powell Circuit Court, from ordering the Finance and Administration Cabinet to pay $5,000 for private mental health testing of Karu Gene White, Real Party in Interest, to determine whether White is mentally retarded and, thus, ineligible for imposition of the death penalty.  For the reasons stated herein, we grant the petition.

In 1980, White was convicted in the Powell Circuit Court of the robberies and murders of three persons, and he was sentenced to death.  His convictions were affirmed by this Court in *White v. Commonwealth*, 671 S.W.2d 241 (Ky.1983), *cert. denied*, 469 U.S. 963, 105 S.Ct. 363, 83 L.Ed.2d 299 (1984).  His subsequent RCr 11.42 motion was denied, and that denial

was also affirmed on appeal. He then petitioned for a writ of habeas corpus in the United States District Court for the Western District of Kentucky. That case is in abeyance pending the outcome of White's present claim that his execution is precluded by the fact that he is mentally retarded.

Following the United States Supreme Court's holding in *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), that the execution of a mentally retarded person violated the Eighth Amendment to the United States Constitution, White filed a motion in the Powell Circuit Court "pursuant to RCr 11.42, CR 60.02, and CR 60.03" to set aside his death sentence on grounds that he is mentally retarded.[1] Although White's intelligence quotient (I.Q.) has never been determined by testing, his petition described deficits in adaptive behavior that convinced Judge Paisley that there was sufficient "doubt as to whether he is mentally retarded" to warrant an evidentiary hearing. *Bowling v. Commonwealth*, 163 S.W.3d 361, 384 (Ky.2005). In a subsequent order, Judge Paisley ordered the Finance and Administration Cabinet to pay up to $5,000 for mental health testing by an expert of White's choosing, overruling the Commonwealth's objection.

We have long held that a defendant is entitled to receive the expert assistance necessary to prove a mitigating circumstance. *Smith v. Commonwealth*, 734 S.W.2d 437, 456 (Ky.1987).

> The establishment of mitigating circumstances at the penalty phase is of the greatest importance when a defendant is facing the death penalty. To deny

Smith the means to obtain expert testimony was an abuse of discretion. *Id.*

Mental retardation is not a "defense" to the crime but a circumstance that mitigates the punishment. *Bowling*, 163 S.W.3d at 381. White has never had an opportunity to assert and prove entitlement to this mitigator. *Id.* at 377. Accordingly, it was no doubt proper for Judge Paisley to order mental health testing for White.

A defendant, however, is not automatically entitled to receive funds from the state for the purpose of hiring an expert of his choosing. Instead, KRS 31.185 makes clear that

> any defending attorney . . . is entitled to use the same *state* facilities for the evaluation of evidence as are available to the attorney representing the Commonwealth. If he or she considers their use impractical, the court concerned may authorize the use of private facilities to be paid for on court order from the special account of the Finance and Administration Cabinet.

*Id.* (emphasis added).

Therefore, it was an abuse of discretion for Judge Paisley to order the Finance and Administration Cabinet to pay up to $5,000 for a private psychologist without the requisite showing that the use of state facilities was somehow impractical in this case.[2]

Yet, demonstration of error does not necessarily entitle the Commonwealth to relief. It has been established that a writ of prohibition "is an 'extraordinary remedy' that Kentucky courts 'have always

---

1. We subsequently held in *Bowling v. Commonwealth*, 163 S.W.3d 361 (Ky.2005), that CR 60.02 is the appropriate vehicle for this type of claim. *Id.* at 365.

2. Perception of bias alone is not enough to show use of state facilities is impractical. There must be proof of actual bias.

been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Newell Enterprises, Inc. v. Bowling,* 158 S.W.3d 750, 754 (Ky.2005) (quoting *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky.1961)). The merits of any such writ will not be considered and the petition denied if the party requesting the writ cannot first demonstrate a minimum threshold showing of harm and lack of redressability on appeal. *The St. Luke Hospitals, Inc. v. Kopowski,* 160 S.W.3d 771, 774 (Ky.2005).

When conducting the minimum threshold analysis, the Court typically divides writ cases into "two classes, which are distinguished by whether the inferior court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction), or (2) acting erroneously within its jurisdiction." *Newell Enterprises, Inc., supra* at 754 (citations omitted). In this case, the Commonwealth argues that the trial court is acting erroneously within its jurisdiction. We agree.

"Under the second class of cases, a writ *may* be granted upon a showing that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Newell Enterprises, Inc., supra* at 754 (citations omitted). Since White is indigent, the Commonwealth would be unable to recoup the funds once they are expended, thereby satisfying the inadequate remedy requirement. In addition, these facts are capable of frequent repetition and would cause the Commonwealth to suffer irreparable injury in the form of massive payouts of funds to indigent defendants seeking private expert opinions. Therefore, we hold that the Commonwealth has met both (1) its burden to justify the granting of a writ; and (2) its burden to show an abuse of discretion by the trial court.

Accordingly, the Commonwealth's petition for a writ of prohibition is GRANTED. Judge Paisley is prohibited from ordering the Finance and Administration Cabinet to pay up to $5,000 for a private expert of White's choosing without the requisite showing that use of a state facility is somehow impractical.

LAMBERT, C.J., GRAVES, MCANULTY, ROACH, SCOTT, and WINTERSHEIMER, J.J, concur.

MINTON, J., dissents, and would deny the writ.