**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alphonso SHEPARD, Defendant–**
**Appellant.**

No. 00–10653.

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 2000.

Kathleen M. Williams, Federal Public Defender, Miami, FL, Martin John Bidwill, Federal Public Defender, Ft. Lauderdale, FL, for Defendant–Appellant.

Anne Ruth Schultz, Miami, FL, Debra J. Stuart, Asst. U.S. Atty., Ft. Lauderdale, FL, for Plaintiff–Appellee.

Before BARKETT and WILSON, Circuit Judges, and GEORGE *, District Judge.

BARKETT, Circuit Judge:

Alphonso Shepard appeals his sentence of 188 months imprisonment after pleading guilty to knowingly and intentionally possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Shepard seeks reversal of his sentence arguing that because drug quantity was not alleged in the indictment his sentence violated the rule announced in *Apprendi v. New Jersey,* —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Notwithstanding that the indictment did not allege drug ·quantity, because we do

* Honorable Lloyd D. George, United States District Judge for the District of Nevada, sit-

not find that this error prejudiced Shepard, we affirm.

■ The applicability of *Apprendi v. New Jersey* is a pure question of law that we review de novo. *See Doe v. Chiles,* 136 F.3d 709, 713 (11th Cir.1998). Because Shepard objected at sentencing to the enhancement of his sentence on the basis of drug quantity, which was not contained in the indictment, the issue is properly before this Court on review. *United States v. Rogers,* 228 F.3d 1318 (11th Cir.2000).

## DISCUSSION

The indictment in this case charged Shepard with violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing an unspecified amount of crack cocaine. While section 841(b)(1)(C) defines penalties for violations of section 841(a) when no drug quantities are specified, section 841(b)(1)(A) and (B) establish penalties for violations of section 841(a) depending upon drug quantity and drug type (among other factors which are not relevant to this case). Section 841(b)(1)(A) provides for a sentence of imprisonment ranging from not less than ten years and not more than life. Section 841(b)(1)(B) provides for a sentence between not less than five years and not more than forty years. Section 841(b)(1)(C) provides for a sentence between zero and not more than 20 years.

Based on the Presentence ·Investigation Report (PSI) finding Shepard responsible for at least 50 grams of cocaine base, the district court considered and sentenced Shepard under section 841(b)(1)(B). Shepard objected at sentencing on the ground that the indictment failed to allege the requisite quantity of cocaine to fall within 841(b)(1)(B)'s sentencing range of 5 to 40 years. Therefore, he argued that his sentence was controlled by section 841(b)(1)(C), which contains no mandatory minimum and a maximum term of 20 years.

ting by designation.

We agree with Shepard that *Apprendi* dictates, as we stated in *Rogers*, that "drug quantity in section 841(b)(1)(A) and section 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt . . . ." 228 F.3d at 1324. As the Court in *Apprendi* noted: "Put simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense." 120 S.Ct. at 2359, n. 10. As an element of the offense, drug quantity must be charged in the indictment. *See Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (The indictment must "contain[ ] the elements of the offense intended to be charged, 'and sufficiently apprise[ ] the defendant of what he must be prepared to meet.' ") (citations omitted); *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir.1992) ("A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense."). As we explained in *Gayle*, "this rule serves two purposes. First, it informs the defendant of the nature and cause of the accusation as required by the Sixth Amendment. Second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." *Id.* at 485. Because the indictment failed to allege drug quantity, Shepard's sentence was controlled by section 841(b)(1)(C) and the district court's application of section 841(b)(1)(B) violates *Apprendi*.

Nonetheless, we affirm Shepard's sentence and find no need to remand because the district court sentenced Shepard below the twenty year maximum provided by section 841(b)(1)(C). It is arguable that under *Apprendi*, a remand is mandated. *Apprendi* does note that although the actual sentence imposed in the *Apprendi* case was within the range authorized by the indictment, a reversal was warranted. The Court first noted that:

the State has argued that even without the trial judge's finding of racial bias, the judge could have imposed consecutive sentences on counts 3 and 18 that would have produced the 12–year term of imprisonment that Apprendi received; Apprendi's actual sentence was thus within the range authorized by statute for the three offenses to which he pleaded guilty.

*Apprendi*, 120 S.Ct. at 2354. However, the Court found that the sentences on counts 3 and 22 were irrelevant to a determination of whether the sentence on count 18 was constitutional. The Court reversed and remanded, making it clear that constitutional error occurs when the sentence imposed for the crime charged exceeds the permissible range for that offense:

The constitutional question, however, is whether the 12–year sentence imposed on count 18 was permissible, given that it was above the 10–year maximum for the offense charged in that count. The finding is legally significant because it increased—indeed, it doubled—the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10–year sentence on that count into a minimum sentence. The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts.

*Id.*

This, however, is not the situation before us. The count charged in the indictment, a violation of section 841(a)(1) without reference to quantity, authorized a sentence of not more than 20 years. Shepard's sentence of 188 months imprisonment falls below the maximum sentence authorized for that count. Because Shepard's sentence falls within the authorized range, we find no prejudice. Accordingly, we

AFFIRM.