[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26 2001
THOMAS K. KAHN
CLERK

————————————————

No. 00-13347
Non-Argument Calendar

————————————————

D.C. Docket No. 98-00049-CR-HLM-4-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IGNASIO MALDENALDO SANCHEZ,

Defendant-Appellant.

————————————————————————————————————————

————————————————

No. 00-13447
Non-Argument Calendar

————————————————

D.C. Docket No. 98-00049-CR-06-HLM

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus


SANTIAGO GILBERTO SANCHEZ,


                                                    Defendant-Appellant.


                        _____

              Appeals from the United States District Court for the
                           Northern District of Georgia
                        _____
                              **(February 26, 2001)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

     Appellants Ignasio Sanchez and Santiago Sanchez pled guilty to and were

convicted of one count of conspiracy to distribute and possess with intent to distribute

methamphetamine and amphetamine, in violation of 21 U.S.C. §§ 841, 846.  Ignasio

Sanchez appeals his 87-month sentence and Santiago Sanchez appeals his 108-month

sentence.

     Both Appellants assert that, in light of the rule announced in *Apprendi v. New

Jersey*, 530 U.S. 466 (2000), any fact that increases the penalty for an offense beyond

the prescribed statutory maximum must be charged in the indictment, submitted to the

jury, and proved beyond a reasonable doubt. More specifically, appellants aver that by extension of *Apprendi* principles to this case, because their original indictment failed to allege the drug quantity in their offense, the judgment against them should be vacated.

The appellants also argue that the district court erred in enhancing their sentence under U.S.S.G. § 2D1.1 for possession of a firearm in connection with a drug transaction. They contend that the government witness' testimony at their sentencing hearing did not connect any weapons to the drug conspiracy. Further, the appellants assert that, in light of *Apprendi,* the firearm enhancement must be proved beyond a reasonable doubt.

In addition, Ignasio Sanchez contends, for the first time on appeal, that his plea was unintelligent and involuntary because the drug quantity was not alleged in the indictment. He asserts that he should receive proper and adequate notice via a superseding indictment and be allowed to plead anew.

Santiago Sanchez likewise asserts, for the first time on appeal, that his plea is defective and void for lack of proper notice because the drug quantity was not alleged in the indictment.

Because both appellants raise substantially the same issues on appeal, we

address their claims simultaneously.[1]

## BACKGROUND

A federal grand jury returned a single-count indictment against Ignasio, co-defendant Santiago, and four other co-defendants, charging them with conspiracy to distribute and possession with intent to distribute methamphetamine and amphetamine, in violation of 21 U.S.C. §§ 841, 846. The quantity of methamphetamine and amphetamine involved in the offense was not alleged in the indictment. Ignasio filed a motion to dismiss the indictment for failing to include the drug quantity, that was subsequently denied by the district court. In a written plea agreement, Ignasio pled guilty to the single count of the indictment while reserving the right to appeal the district court's order denying Ignasio's motion to dismiss the indictment. Santiago pled guilty without a plea agreement and later adopted Ignasio's motion to dismiss. At the plea hearing, the district court advised both Ignasio and Santiago that their sentences would be based on the amount of drugs for which they were held responsible at sentencing.

Ignasio, Santiago and the government submitted written objections to the findings in the pre-sentence investigation reports (PSI). All parties objected to the quantity of the distributed drugs. Ignasio and Santiago also objected to the PSI's

---

[1]The surname of Sanchez will be used to refer to both Ignasio and Santiago Sanchez throughout this decision.

recommendation that the offense level should be increased two levels for possessing a firearm during the offense of conviction. At sentencing, appellants advised the district court that they agreed to be held accountable for two pounds of methamphetamine (which converts to a marijuana equivalency of 1,815.84 kilograms of marijuana) and twelve pounds of amphetamine (which converts to a marijuana equivalency of 1,087.2 kilograms of marijuana), totaling a marijuana equivalency of 2,903.04 kilograms. The district court then found them both accountable for a marijuana equivalency of 2,903.04 kilograms.

With regard to the PSI recommendation for a two-level firearm enhancement, the government presented the testimony of Kenneth Green. Green described various drug transactions he had with Ignasio and Santiago where Green delivered guns as partial payments for the drugs he received from them. Green also testified that, following his arrest, he took law enforcement authorities to a storage center where Green had stored four or five rifles and shotguns. After hearing Green's testimony, the district court found Green to be credible and determined that both appellants offense levels would be increased two levels for possessing a firearm during the charged drug offense. The court then granted Ignasio a two-level "role in the offense" reduction and a three-level downward adjustment for acceptance of responsibility. The court sentenced Ignasio to 87 months' imprisonment. Santiago received a 108-

month sentence.

DISCUSSION

I.

Ignasio and Santiago Sanchez assert that in light of *Apprendi*, the district court erred in denying their motions to dismiss the indictment for failure to allege the drug quantity.[2] The applicability of *Apprendi* is a pure question of law that this Court reviews *de novo*. *See United States v. Shepard*, 235 F.3d 1295, 1296 (11th Cir. 2000).

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at __, 120 S.Ct. at 2362-63. The indictment in this case charged appellants with violating 21 U.S.C. § 846 by knowingly and intentionally conspiring to possess with intent to distribute an unspecified amount of methamphetamine and amphetamine. The offenses set out in § 846, are punished under § 841(b), which prescribes different maximum sentences depending on the type and quantity of the controlled substance involved. *See* 21 U.S.C. §§ 846, 841(a), (b). For methamphetamine and amphetamine, § 841(b)(1)(C) provides for a maximum

---

[2]Both the Sanchez appellants were charged in the grand jury indictment with a violation of 21 U.S.C. § 846 conspiracy to possess and distribute methamphetamine and amphetamine in violation of 21 U.S.C. § 841. The indictment does not specify under which subsection of section 841 the offense occurred. When the appellants entered into plea agreements, they preserved the right to object to the alleged deficiencies in the indictment and the drug quantity.

sentence of twenty years, regardless of the quantity involved in the offense. *See* 21 U.S.C. § 841(b)(1)(C). Section 841(b)(1)(B) provides for a sentence of not less than five years and not more than forty years, where at least five (5) grams of pure methamphetamine or at least 50 grams of a mixture containing a detectable amount of methamphetamine is involved. *See* 21 U.S.C. § 841(b)(1)(B)(viii). Section 841(b)(1)(A) provides for a sentence of imprisonment ranging from not less than ten years to not more than life, where at least 50 grams of pure methamphetamine or at least 500 grams of a mixture containing methamphetamine is involved. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

We have held that, "drug quantity in sections 841(b)(1)(A) and 841(b)(1)(B) cases must be charged in the indictment and proven to a jury beyond a reasonable doubt." *United States v. Rogers*, 228 F.3d 1318, 1327 (11th Cir. 2000). Recently, we found, however, that although the defendant's indictment failed to allege drug quantity, there was no prejudice because the defendant was sentenced below the twenty-year maximum provided by § 841(b)(1)(C). *See Shepard*, 235 F.3d at 1297. In the instant case, Ignasio was sentenced to 87 months, or 7 and 1/4 years, on the single-count conspiracy indictment. Santiago received a sentence of 108 months or 9 years. Given this Court's holding in *Shepard*, and because neither Sanchez was sentenced to more than the statutory maximum of twenty years as set forth in

7

§ 841(b)(1)(C), they suffered no prejudice under *Apprendi*. Thus, the district court's error, if any, was harmless. *See* Fed.R.Crim.P. 52(a).

## II.

Both appellants claim, for the first time on appeal, that their pleas were unintelligent and involuntary because the drug quantity was not alleged in the indictment. They contend that, had the district court notified them of the attributable amounts of controlled substances and the resulting sentencing ranges, they may have proceeded to trial. The Sanchez appellants aver that they should receive proper and adequate notice via a superseding indictment and be allowed to plead anew. The government responds that neither appellants' substantial rights were affected because neither challenged the government's factual basis for the plea. In his reply brief, Ignasio asserts that it is not clear whether the absence of drug quantity in the indictment results in a voluntary and knowing plea.

A court accepting a plea of guilty must comply with Federal Rule of Criminal Procedure 11, and in particular, address three "core concerns" by ensuring that: (1) the guilty plea is voluntary, (2) the defendant understands the nature of the charges, and (3) the defendant understands the consequences of his plea. *See United States v. Bell*, 776 F.2d 965, 968 (11th Cir. 1985)(per curiam). "Variance from the requirements of Rule 11 should be disregarded unless substantial rights are affected."

*United States v. McCarty*, 99 F.3d 383, 386 (11th Cir. 1996)(per curiam) (citing Fed.R.Crim.P. 11(h)). Furthermore, when a defendant fails to object to the district court's noncompliance with Rule 11, this Court reviews the issue for plain error only. *See United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir. 1999). Plain error is that which is obvious and prejudicial, affecting substantial rights of the defendant. *See United States v. Ramsdale*, 61 F.3d 825, 832 (11th Cir. 1995)(citation omitted).

As stated above, in light of *Apprendi*, drug quantity is an element of the offense that must be charged in the indictment. *See Rogers*, 228 F.3d at 1324. Here, the plea colloquy was technically inadequate because the indictment did not contain drug quantity, arguably resulting in Ignasio's and Santiago's failure to understand the nature of the charges against them. *See Bell*, 776 F.2d at 968. Both, however, were advised during the plea colloquy that they could face 40 years or life in prison, depending on the quantity of drugs for which they were held responsible. Further, the court advised them that their sentences would be based on the amount of drugs for which they were found responsible at sentencing. Nevertheless, they pled guilty to the indictment with that knowledge. Also, at the plea colloquy, the government provided the district court with a factual basis for the offense conduct, which contained information that the appellants had been involved in delivery of methamphetamine weighing approximately one kilogram. Neither Ignasio nor

Santiago contradicted the government's allegations regarding the distribution of drugs. Thus, their rights were not substantially affected. *See Ramsdale*, 61 F.3d at 832. As such, we find once again that if any error was committed, it was harmless.

III.

The Sanchezes assert that the district court erred in enhancing their sentence under U.S.S.G. § 2D1.1 for possession of a firearm in connection with a drug transaction. Specifically, they argue that government witness Green's testimony at the sentencing hearing did not connect any weapons to the drug conspiracy. Finally, they also contend that the firearm enhancement must be proved beyond a reasonable doubt in light of *Apprendi*.[3]

Possession of a firearm is a factual finding reviewed for clear error, while application of the guidelines to the facts is reviewed *de novo*. *See United States v. Geffrard*, 87 F.3d 448, 452 (11th Cir. 1996). Sentencing Guideline § 2D1.1(b)(1) provides for a two-level enhancement in the case of possession of a firearm in furtherance of the crime. The commentary explains that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3). This Court has

_____

[3]It should be noted that the government's assertion that Sanchez did not preserve the firearm enhancement issue on appeal is without merit. The government presented Green as a witness in response to Ignasio's argument that the enhancement should not apply.

10

held that once the government shows by preponderance of the evidence that the weapon was present at the site of the charged conduct, the burden shifts to the defendant to show that the connection between the firearm and the offense is clearly improbable. *See United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995)(per curiam).

In the instant case, government witness Green testified to various drug transactions he had with Ignasio and Santiago, where Green delivered guns as partial payments for the drugs he received from them. Green also testified that, following his arrest, he took law enforcement authorities to a storage center where Green had stored four or five rifles and shotguns. The district court specifically stated that it found Green's testimony credible. Neither Sanchez presented evidence or argument to suggest that a connection between the firearms and the drug-conspiracy conviction was clearly improbable, therefore the § 2D1.1(b)(1) enhancement was appropriate.

Additionally, their argument that *Apprendi* requires that a reasonable doubt standard apply to a firearm enhancement is without merit. Recently, in *United States v. Nealy*, this Court stated that the Sentencing Guidelines are not subject to the *Apprendi* rule. 232 F.3d 825, 829 n.3 (11th Cir. 2000) (finding that the Guidelines allow a judge to consider relevant conduct to determine overall drug quantity). Moreover, the decision in *Apprendi* does not suggest that the Supreme Court intended its ruling to effect the Sentencing Guidelines. *See Apprendi*, 120 S.Ct. at 2366 n.21.

The majority in *Apprendi,* in response to Justice O'Connor's dissent, which expressed concern as to the  majority decision's effect on the Sentencing Guidelines, stated that its holding did not address the Guidelines.  *See id.*  The majority indicated that its decision did not go beyond its ruling in *Edwards v. United States*, in which the Supreme Court noted that the maximum sentence set by statute trumps a higher sentence set forth in the Guidelines.  *See id.*; *Edwards v. United States*, 523 U.S. 511, 515 (1998).

Further, the Sentencing Guidelines clearly indicate that the Guidelines cannot be used to increase the penalty beyond the statutory maximum.  *See* U.S.S.G. § 5G1.1(a) ("[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence").  Because a finding under the Sentencing Guidelines determines the sentence within the statutory range rather than outside it, the decision in *Apprendi*, which addresses any increase in penalty for a crime outside the statutory maximum, has no application to the Guidelines.  Ignasio's two-level firearm enhancement placed him in a guideline range of 87-108 months.  *See* 21 U.S.C. § 841(b)(1)(C).  Santiago's enhancement placed him within the range of 108-135 months, both well within the statutory range of 20 years for their offense.  Accordingly, we affirm the district court's application of the firearm enhancement.

## CONCLUSION

We find that because the appellants were not sentenced to more than the statutory maximum of 20 years' imprisonment as set forth in 21 U.S.C. § 841(b)(1)(C), there is no prejudice in light of *Apprendi*. Further, we conclude that, because the appellants presented no evidence to suggest that a connection between the firearms and the drug conspiracy was clearly improbable, the U.S.S.G. § 2D1.1(b)(1) firearm enhancement was appropriate. The enhancement is also appropriate under *Apprendi* because precedent in this Circuit indicates that the Sentencing Guidelines are not subject to the rule enunciated in *Apprendi*.

**AFFIRMED.**