# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            v.

JUVENILE MALE,
                    *Defendant-Appellant.*

No. 11-30065

D.C. No.
4:10-cr-00103-
SEH-2

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
December 8, 2011—Seattle, Washington

Filed January 20, 2012

Before: Ralph B. Guy, Jr.,* M. Margaret McKeown, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge McKeown

---

*The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the Sixth Circuit, sitting by designation.

## COUNSEL

Daniel Donovan, Great Falls, Montana, for the defendant-appellant.

Michael W. Cotter, United States Attorney, Michael T. Wolfe, Assistant United States Attorney, U.S. Attorney's Office, Helena, Montana, for the plaintiff-appellee.

## OPINION

McKEOWN, Circuit Judge:

A juvenile male appeals the district court's determination that he is an "Indian" under 18 U.S.C. § 1153, which provides federal criminal jurisdiction for certain crimes committed by

Indians in Indian country. The juvenile claims that he does not identify as Indian, and is not socially recognized as Indian by other tribal members. Nonetheless, he is an enrolled tribal member, has received tribal assistance, and has used his membership to obtain tribal benefits. Because the juvenile is Indian by blood and easily meets three of the most important factors used to evaluate tribal recognition laid out in *United States v. Bruce*, 394 F.3d 1215 (9th Cir. 2005), he is an "Indian" under § 1153, and we uphold his conviction.

## BACKGROUND[1]

The juvenile was charged in federal court under the Major Crimes Act, 18 U.S.C. § 1153. He admits to all elements of the crime and disputes only his Indian status. The juvenile is at least one quarter Indian by blood, and is an enrolled member of a federally recognized tribe. He resides on the tribal reservation and used his membership to receive benefits available exclusively to tribal members. The juvenile nonetheless claims that he does not consider himself Indian, and has no social recognition or acceptance among the tribe.

The juvenile appeals the district court's determination in a bench trial that these facts satisfy the government's burden to prove his Indian status beyond a reasonable doubt. The government bears the burden of establishing the juvenile's status as an Indian. Following trial, we review de novo the sufficiency of the evidence and consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. LaBuff*, 658 F.3d 873, 876 (9th Cir. 2011) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319

---

[1]Because the record in this matter is sealed, we reference only the facts discussed in open court during oral argument. The remaining facts, under seal, are known to the parties and the district court and further support our conclusion that the juvenile qualifies as Indian under § 1153.

(1979)). As we noted in *Maggi*, "[w]e have little guidance as to the quantum of evidence necessary to sustain Indian status jurisdiction. Sorting through the handful of circuit cases addressing the issue simply underscores the need for case-by-case analysis and the necessity of invoking the *Jackson v. Virginia* standard, as we do in other criminal cases." *United States v. Maggi*, 598 F.3d 1073, 1083 (9th Cir. 2010).

## DISCUSSION

**[1]** "Under § 1153, a defendant's Indian status is an essential element which the government must allege in the indictment and prove beyond a reasonable doubt." *LaBuff*, 658 F.3d at 877 (citations omitted). Although § 1153 does not define the term "Indian," we have fashioned a specific framework for determining an individual's Indian status. *Bruce* "provides a thoughtful discussion of federal jurisdiction in Indian country." *Maggi*, 598 F.3d at 1077. According to *Bruce*, a defendant is Indian if the government proves beyond a reasonable doubt that he has: (1) a sufficient degree of Indian blood and; (2) tribal or federal government recognition as an Indian. *Bruce*, 394 F.3d at 1223-24. The juvenile concedes the first prong—that he has sufficient Indian blood.

**[2]** In assessing the second prong, *Bruce* outlined four factors that a court should consider to determine whether an individual has tribal or federal government recognition as an Indian: (1) tribal enrollment; (2) government recognition formally and informally through receipt of assistance reserved only to Indians; (3) enjoyment of the benefits of tribal affiliation; and (4) social recognition as an Indian through residence on a reservation and participation in Indian social life. *Id.* at 1224. *Bruce* lists these factors in declining order of importance, *United States v. Cruz*, 554 F.3d 840, 851 n.17 (9th Cir. 2009) (citing *Bruce*, 394 F.3d at 1224), and we acknowledge that these factors, "while broad, should not be deemed exclusive." *Maggi*, 598 F.3d at 1081.

**[3]** Here, the juvenile concedes that the government proved the first three factors: he is enrolled in a tribe, received assistance and benefits reserved only to Indians, and enjoys the benefits of tribal affiliation. The real dispute centers on the final prong—social recognition as an Indian through residence on a reservation and participation in Indian social life—which the juvenile urges does not apply because he claims not to have obtained social recognition as Indian, and, despite living on the reservation, does not identify as Indian himself.

**[4]** In *Bruce*, we held that there was sufficient proof that the defendant was Indian even though it was undisputed that she was not an enrolled member of a tribe. *Bruce*, 394 F.3d at 1224 ("Tribal enrollment is the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative." (citation and internal quotation marks omitted)). Accordingly, as *Bruce* did not require the most important factor to be met, the juvenile need not satisfy the *least* important *Bruce* factor before a trier of fact may conclude he is Indian.

*Bruce* has been invoked in upholding a criminal conviction even when all of its factors were not satisfied. Recently, in *LaBuff*, we held that the defendant was an Indian even though he was not an enrolled member of the tribe, and "the evidence relating to the fourth factor was not particularly strong." 658 F.3d at 877, 879. LaBuff did not participate in tribal activities, nor did he vote in tribal elections. *Id.* at 879. Even so, because LaBuff had Indian descendant status, received free healthcare available only to Indians, lived on the reservation his entire life, and, without objection, was prosecuted in Indian tribal court for previous crimes, we held that the government had established his Indian status. *Id*.

**[5]** Here, the juvenile claims that he does not see himself as Indian, and is not socially recognized as Indian by tribal members. Even assuming that these facts undermine the government's effort to establish the final *Bruce* factor, the juve-

nile has sufficient Indian blood and meets every other factor, including the most important factor—tribal enrollment—that was absent in *LaBuff*. Social and subjective non-recognition as Indian may prove to be relevant in a closer case, but cannot outweigh the proof of the remaining *Bruce* factors in this one. Because the juvenile is Indian by blood and easily meets three of the most important *Bruce* factors used to evaluate tribal recognition, we hold that a reasonable trier of fact could find the juvenile to be an Indian beyond a reasonable doubt, and did so here.

**AFFIRMED.**