**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50023 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00047-JST-1 |
| v. | |
| KAREN HANOVER, AKA Karen Elaine Hanover, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: M. SMITH and MURGUIA, Circuit Judges, and ZOUHARY, District
Judge.[**]

After a short bench trial, the district court convicted Defendant–Appellant

Karen Hanover of violating 18 U.S.C. § 912 by pretending to be an agent of the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Federal Bureau of Investigation in order to demand information from—and make threats to—a victim living in Southern California. The district court imposed a sentence of six months imprisonment, a $5,000 fine, and a year of supervised release. Owing to the circumstances by which Hanover came to be acquainted with the victim (and others like the victim), the district court forbade Hanover from being "self-employed, or employed by a business owned by a family member or close personal friend" during her period of supervised release, "without prior approval of the Probation Officer." Hanover appeals, arguing the district court lacked sufficient evidence to convict her of violating Section 912, that she was the victim of prosecutorial misconduct (warranting dismissal of her indictment), and that the aforementioned condition of supervised release is unconstitutionally vague. We affirm the district court.

We review de novo the sufficiency of the evidence to convict Hanover, and ask "whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Juvenile Male*, 666 F.3d 1212, 1214 (9th Cir. 2012) (citation omitted). The violation of Section 912 with which Hanover was charged required the Government to prove that Hanover claimed to be an FBI agent, and proceeded to "act[] as such." 18 U.S.C. § 912.

2

Hanover argues that while the evidence may have been sufficient to demonstrate she claimed to be an FBI agent, it is insufficient to demonstrate that she subsequently acted like one. We reject that argument. The evidence before the district court demonstrated that Hanover not only told the victim that she was an FBI agent, but also elicited information from the victim in that capacity—information the victim would never have provided, but for Hanover's ruse. *See United States v. Alvarez*, 132 S. Ct. 2537, 2554 (2012) (Breyer, J., concurring) ("Statutes forbidding impersonation of a public official typically focus on *acts* of impersonation . . . and may require showing that . . . someone was deceived into following 'a course [of action] he would not have pursued but for the deceitful conduct.'" (quoting *United States v. Lepowitch*, 318 U.S. 702, 704 (1943))). Hanover then threatened to have the victim jailed. The credibility of such a threat is at least enhanced by, if not dependent upon, the predicate that the person making the threat is a federal agent.

Hanover next argues that prosecutorial misconduct—allegedly, the withholding of evidence tending to impeach the victim—requires either the dismissal of the indictment against her, or at least a hearing in the district court. We review the district court's refusal to dismiss an indictment because of prosecutorial misconduct for abuse of discretion, and accept its factual findings

3

supporting that decision unless clearly erroneous. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011); *United States v. Struckman*, 611 F.3d 560, 573, 577 (9th Cir. 2010); *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008). But there is no punishable misconduct—that is, no violation of the Government's obligation to turn over supposed impeachment evidence in its possession—if the withheld evidence is "inadmissible or could not be used for impeachment" or "is 'merely cumulative'" of evidence already produced. *United States v. Kohring*, 637 F.3d 895, 901–03 (9th Cir. 2010) (quoting *Morris v. Ylst*, 447 F.3d 735, 741 (9th Cir. 2006)). And whether evidence is admissible or useful in impeachment is also a matter left to the district court's discretion. *Id.*

Hanover admits that, as it stands, "the record is clear" as to the victim's supposed history of dishonesty; consequently, any further evidence of the victim's dishonesty would be cumulative. Further, as the district court noted, the particular evidence the Government is accused of withholding are "[s]tatements made more than 13 years ago on an unrelated case [that] do not pertain to the subject matter to which [the victim] will testify on direct examination in this case." From these facts, we would strain to discern any prosecutorial misconduct, and certainly cannot find that the district court abused its discretion by declining to dismiss the indictment.

4

Finally, we turn to the argument that a condition of Hanover's supervised release is unconstitutionally vague. A condition of supervised release is unconstitutionally vague if it leaves a defendant to guess about its intended meaning. *United States v. Preston*, 706 F.3d 1106, 1122 (9th Cir. 2013). Here, if Hanover questioned whether her prospective employer was too close a friend to satisfy the condition that she not work for a "close personal friend," she needed only ask her probation officer for clarification. Indeed, Hanover was also required by the terms of her supervised release to consult her probation officer before accepting *any* employment, meaning she could *never* accidentally violate the close personal friend condition, and thus would never be left to guess whether her acceptance of a job would lead to the revocation of her supervised release.

**AFFIRMED.**

5